Womack, adm'r *vs.* Dearman.

we think there is no error in the instruction given to the jury.

The judgment is consequently affirmed.

WOMACK, ADM'R *vs.* DEARMAN.

1. The constitutional courts of the United States are not viewed as foreign tribunals.—They are domestic tribunals, whose proceedings all other courts of the country, are bound to respect, and receive—when exemplified under the seal of the courts; and such seal is presumed to be known, and establishes itself, in the same manner as each court within a State, is presumed to know, and recognise, the seal of any other court within the same State.

2. No distinction can be made, as to the manner of proving the proceedings of the courts of the United States, established in a territory, and those of the courts of the same character, established within the limits of a State.

3. *Dubitatur*—whether a territorial court, created by the local legis'ature of a territory, can be viewed in any other light than the courts of a foreign country.

Error to the Circuit court of Sumter county.

Debt on judgment—tried by Judge *P. Martin.*

This was an action of debt on a judgment obtained in the Superior court of Escambia county, West Florida. Plea, *nul tiel record ;* which was sustained by the court.

On the trial of the case, plaintiff offered in evidence, the transcript of the judgment, which was certified by the clerk, with the seal of the court affixed :—to which was appended the certificate, under seal, of the judge of

7 P.                    65

the United States District and Superior Court of West Florida, that the attestation was in the proper hand-writing of the clerk, and was in due form of law.

Defendant objected to receiving the transcript, on the ground, that the certificates of authentication, were not sufficient to authorise the record to be read ; which objection the court sustained ;—and decided, that to authorise the transcript to be read upon the trial of the cause, it must be authenticated, under the great seal of the executive department of the territory of Florida.

Plaintiff in error, assigned—the rejection of the record, offered to support the issue, on the plea of *nul tiel record.*

*Thornton,* for the plaintiff in error.
*Erwin,* contra.

GOLDTHWAITE, J.—The question presented by this record, is one of novelty, and has not hitherto been raised, or decided by any court, so far as we can ascertain. It is as to the mode by which the judgments of the courts of the territories of the United States are to be proved, to authorise them to be admitted as evidence in a State court ;—or rather, if such a judgment can be evidenced by the certificate of the clerk of the court rendering the same, under its seal, and with the additional certificate, in conformity with the requisitions of the several acts of Congress, providing the manner in which similar proceedings of the State courts shall be certified ?

It is admitted to be doubtful, whether Congress has the power to legislate on this subject—as the constitution only authorises it to prescribe the manner in which

Womack, adm'r *vs.* Dearman.

the public acts, records and judicial proceedings of the *States*, shall be proved; but it is insisted that on general principles of comity, the proceedings of the territorial courts are admissible in evidence, when certified by the clerk and judge—in as much as these courts emanate from the authority of the United States—which can not be considered as a foreign government; and consequently, the proceedings of these courts ought not to be governed by the rules of evidence which apply to the proof of the proceedings of foreign courts.

This argument is certainly entitled to much weight, but can not, in our opinion, be supported to the extent in which it is announced; because its effect would be, to place the records and proceedings of territorial courts on higher ground than can be claimed for those of the States.

Without the aid of the constitutional provision, this kind of proof would be governed and regulated by the laws of the several States; and it is not a matter of doubt, that previous to the formation of the old confederacy, they were in all respects foreign to each other, and no more respect was due, of right, to the proceedings of the courts of one, when introduced in evidence in the courts of another, than was due to those of any other foreign nation. As no different rule is prescribed by the constitution, it is not perceived how the *territorial courts of a territory* can be viewed in any other light, than those of another country. But an assential difference is supposed to exist, between *territorial courts*, properly so called, and *courts of the United States established in a territory*. Congress is not restricted by the constitution from

establishing such courts; and no distinction can be made as to the manner of proving their proceedings and those of courts of the same character, established within the limits of a State.

This distinction, between a territorial court and a court of the United States, is adverted to by Judge Story, in his Commentaries on the Constitution; in which he observes—" If the power to create courts is given to the territorial legislature, these courts are to be deemed strictly territorial, and in no sense, constitutional courts, in which the judicial powers conferred by the constitution, can be deposited,—They are incapable of receiving it."—(3 Story's Com. 196.)

Keeping in view this distinction, the argument of the counsel for the plaintiff in error, is correct. The constitutional courts of the United States certainly can not be considered as foreign, in any sense of the term. They are domestic tribunals, whose proceedings, all other courts of the country are bound to respect and receive, when exemplified under the seal of the courts; and such seal is presumed to be known, and establishes itself, in the same manner, as each court within a State is presumed to know and recognise the seal of any other court within the same State. This point was decided by the Supreme court of New-York, in the case of Pepoon vs. Jenkins—(2 Johns. Cases, 119,)—and this decision has ever since been acquiesced in.

In this aspect of the case, it becomes wholly unnecessary to agitate the question, whether the supplemental act of Congress, of twenty-seventh of March, eighteen hundred and four, is warranted by the terms of the con-

Womack, adm'r *vs.* Dearman.

stitution—if it shall be ascertained that the judgment sought to be introduced in the court below, is that of a constitutional court of the United States, and not that of a territorial court created by the local legislature of a territorial government.

From the certificate of the clerk, made part of the record by the bill of exceptions, we are i formed that the judgment was rendered by the Superior Court for Escambia county, for the western district of Florida.— This court is one of those which was established by act of Congress of the twenty-sixth of May, eighteen hundred and twenty-four, and is invested with all the powers of the District court of the United States for the Kentucky district, in addition to the powers of taking cognizance of all matters aris ig under the laws of Florida.

It will thus be perceived, that this court is of the same description with the District courts of the United States, established in the States proper; and that its proceedings, under the decision before adverted to, can be given in evidence, when certified by its clerk under the official seal.

It results from these views, that the record introduced in the court below, was sufficient to maintain the issue of *nul tiel record,* and judgment should have been rendered on this issue, for the plaintiff, instead of the defendant below.

Let the judgment be reversed, and the cause remanded.