# Johnson v. Oldham et al.

## Statutory Action of Ejectment.

1. *Widow's quarantine; adverse possession.*—Where, after the death
   of the husband, the widow under her right of quarantine, re-
   mains in possession of the homstead, such possession is per-
   missive and not adverse to the heirs of the decedent; and
   upon her subsequent marriage the occupation of the premises
   by her husband and herself is referable to her right of quar-
   antine, and his possession does not become adverse to the
   heirs, unless there is a denial of their rights by declarations
   or acts unmistakably hostile, of which the heirs have notice
   or knowledge or which are so notorious and openly ex-
   clusive of the right of possession of the wife, as that notice
   or knowledge must be imputed to them.
2. *Same; same.*—In such a case, where the estate of the decedent
   is declared insolvent, the fact that the second husband of
   the widow, while occupying with her the premises of her
   former husband under her right of quarantine, purchased
   the lands at administrator's sale, held under order of court,
   and that the sale was reported and confirmed, does not af-
   ford the implication of notice to the heirs of the hostile claim
   by said purchaser, no conveyance having been made to him of
   the premises.


APPEAL from the Circuit Court of Shelby.

Tried before the Hon. GEORGE E. BREWER.

This was a statutory action of ejectment, brought by
the appellees against the appellant, to recover certain
specifically described lands. The plaintiffs sued as the
heirs at law of Carter Oldham, deceased, and the de-
fendant also claimed title to the land sued for from the
same source.

The evidence for the plaintiffs tended to show that they were the only heirs-at-law of Carter Oldham, deceased, who died some time before 1844. That at the time of his death, Carter Oldham owned and occupied the lands sued for as a homestead; that after his death, his widow, Louisa Oldham, who was the mother and grandmother of the plaintiffs, remained on the lands sued for and occupied the house situated thereon up to the time of her death in September, 1896; that she so occupied said premises by the consent and with the acquiescence of the plaintiffs; that some time after the death of Carter Oldham in 1844, Louisa Oldham married Wiley Russell, who came to live with her on said lands, and that they continued to live together on said lands up to the death of Louisa Oldham in 1896.

The defendants introduced in evidence the records of the probate court of the county where the lands were situated, which showed that the estate of Carter Oldham was declared insolvent, and that on petition of the administrator of said estate, the lands here sued for were ordered sold for the payment of debts; that said sale was made and Wiley Russell became the purchaser, but there was no record or testimony introduced in evidence of any conveyance having been executed by the administrator to said Russell. This sale was made in 1845. Wiley Russell testified that after such purchase at the administrator's sale, he exercised acts of ownership over the lands so purchased by him, and claimed the exclusive, hostile possession thereof; that he assessed said lands as his own and paid the taxes thereon, and that in 1897 he sold the said lands to the defendant in this suit. The deed from Wiley Russell to J. M. C. Johnson conveying the lands here sued for was introduced in evidence. This deed bore date of April 6, 1897.

Upon the introduction of all the evidence, the court at the request of the plaintiffs gave the general affirmative charge in their behalf. The defendant duly excepted to the giving of this charge, and also excepted to the court's refusal to give the general affirmative charge requested by him.

[Johnson v. Oldham, *et al.*]

There were verdict and judgment for the plaintiffs. The defendant appeals, and assigns as error the giving of general affirmative charge requested by the plaintiffs.

J. W. Bush, for appellant.

J. R. Beavers and E. S. Lyman, *contra*.

McCLELLAN, C. J.—According to the undisputed evidence, Mrs. Oldham had possession of the land in controversy from and after the death of her first husband, Carter Oldham, the ancestor of plaintiffs, and up to and beyond the time of her marriage to Wiley Russell, under her right of quarantine as the widow of said Carter; the premises constituting, in part at least, the residence of the family at the time of the latter's death. It is equally free from controversy that Wiley Russell, the grantor of the defendant, never received any conveyance of this land, and that neither he nor the defendant had or has any title thereto unless his occupancy of the premises was of that sort which ripens into title upon the lapse of ten years under the doctrine of adverse possession. This it could not be as against these plaintiffs under the facts in this case, because it is in no way shown that they, the heirs at law of Carter Oldham, ever had any affirmative notice that Russell claimed the land as his own and assumed to occupy it as in his own right, or that his possession was of such hostile and notorious a character, so openly exclusive of the right of possession of his wife, the former Mrs. Carter Oldham, as to afford a basis for imputing to them knowledge of his adverse possession. There was no attempt to prove that they had actual notice of any such possession by Russell. The proceedings in the probate court by the administrator of Carter Oldham to have the estate declared insolvent and this land sold to pay debts, wherein there was a declaration of insolvency, and an order for the sale of the land under which it was sold, the sale reported and confirmed, but no conveyance ever executed, were under statutes then of force *res inter alios acta* as to the heirs, and afforded no implica-

tion of notice to them.—*McGuire v. Shelby*, 20 Ala. 456, 459, 460; *State Bank v. Ellis*, 30 Ala., 478. The acts deposed to by Russell as giving an openly hostile and adverse character to his possession, sufficient, it is insisted, to carry notice to the heirs, were of a character entirely consistent with the continued possession of his wife under her right of quarantine as the relict of Carter Oldham, and had no legitimate tendency to charge the plaintiffs with knowledge that the premises were no longer held permissively under and in subordination to their title. On the case made by the evidence without conflict, so long as Mrs. Russell lived, the occupation of the premises by her husband and herself is referable to her right of quarantine, and her possession, and his also, is to be held to have been taken and continued permissively in recognition of the title of the heirs and not adversely to that title.—*Inge v. Murphy*, 14 Ala. 289; *Shelton v. Carrol*, 16 Ala. 148; *McLeod v. Bishop*, 110 Ala. 640; *Foy v. Wellborn*, 112 Ala. 160.

The trial court properly gave the general charge for plaintiffs, and the judgment is affirmed.

Affirmed.