# Allison *v.* Robinson.

*Statutory Action of Ejectment.*

1. *Evidence; judgment of federal court admitted in evidence though not certified by presiding judge.*—In order to introduce in evidence in a court of this State, a judgment of the federal court of Alabama, it is not necessary that such judgment be certified by the presiding judge; but it is sufficient if it is properly certified by the clerk of the court.

2. *Widow's right of quarantine; adverse possession; admissibility of evidence; action in ejectment.*—So long as the right of

[Allison v. Robinson.]

quarantine accompanies a widow's possession no mere claim or assertion of ownership, however often and openly made, will start the statute of limitations to run against the owner to whom the right of entry in a cause of action has not accrued.

3. *Ejectment; admissibility of evidence; widow's quarantine.*—In an action of ejectment where the defendants claim title through their mother who was dead and whose possession it is shown was accompanied with the exercise of her right of quarantine and there was no evidence of the divestiture of the widow's right of dower, the fact that while the mother of the defendants was so in possession of the land sued for she executed a will devising said lands to the defendants and set up a claim of ownership thereto, is not sufficient of itself to start the running of the statute of limitations as against the owner, and therefore in such suit the will of the mother is not admissible in evidence, nor is the fact that she set up the claim of ownership to said lands admissible.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. OSCEOLA KYLE.

This was a statutory real action in the nature of ejectment for the recovery of a certain house and lot in the city of Birmingham, and was brought by the appellee, Walter S. Robinson, against the appellants, Margaret Allison and others. The defendants pleaded the general issue and by special pleas set up adverse possession of ten and twenty years.

The following facts were shown on the trial: The defendants in the case are the children of Samuel H. Allison and Martha Allison and they claim title through their mother, Martha Allison, and not as heirs or distributees of their father, Samuel H. Allison. For many years prior to 1867, Samuel H. Allison was seized in fee of the lands sued for and resided thereon as a home with his wife and children. In 1867 there was a judgment rendered in the district court of the United States for the Northern District of Alabama against Samuel H. Allison in a suit brought in said court by William Y. C. Humes against said Allison. Upon this judgment an execution was issued and levied by the mashal upon the lands involved in this suit as belonging to Samuel H. Allison. Under this levy a sale was made of said lands

and James B. Robinson, the father of the defendant, became the purchaser, and on May 6, 1867, the marshal executed a deed to said James B. Robinson conveying to him the right and title and interest of Samuel H. Allison in said lands. After the sale and notwithstanding the sale, Samuel H. Allison continued in possession of said lands and lived on them as a homestead with his wife and children until his death in 1870. After the death of Samuel H. Allison, his wife, Martha Allison, continued in possession of said lot until her death in 1887, and after her death in 1887 the defendants claiming title through said Martha Allison, retained possession of said property and were in possession thereof at the time of the institution of the suit. After the death of Samuel H. Allison and while his widow, Martha Allison, was in possession of the lands involved in this suit, James B. Robinson, the purchaser of said lands at the United States Marshal's sale, died, and his will was duly admitted to probate. After his will was admitted to probate, the executor of said will sold the interest of James B. Robinson in said lands and the plaintiff in the present suit became the purchaser thereof and a deed was subsequently executed to him which conveyed to the plaintiff, Walter B. Robinson, all the right, title and interest of the estate of James B. Robinson to said lands.

The plaintiff offered in evidence the transcript from the docket of the United States District Court of the Northern Division of Alabama in the suit of William Y. C. Humes against Samuel H. Allison, showing the pleadings, judgment, execution and levy of execution in said suit, and the return of the marshal as to the sale being made thereunder. This transcript was certified only by the clerk of the United States District Court. The defendants objected to the introduction in evidence of the transcript and moved to exclude the same, because it was not certified as required by law. The court overruled the objection, and the defendant duly excepted.

The defendants offered to introduce in evidence the

will of Martha Allison and to prove the probate thereof, showing that she left all of her property to the defendants; counsel of the defendants stating that said will and its probate was offered in evidence in connection with other evidence, for the purpose of showing that by said will the textatrix, Martha Allison, devised the property involved in this suit to the defendants. The plaintiff objected to the introduction in evidence of the will, the court sustained the objection, and the defendants duly excepted. The defendants also sought to prove by witnesses introduced in their behalf that at the time of the execution of said will and prior thereto, while she was in possession of the lands involved in this suit, Martha Allison stated that she owned said lands and that she was in possession of them claiming them as her own. The plaintiff duly and separately objected to the introduction of such evidence, the court sustained each of such objections and to each of these rulings the defendant separtely excepted.

The court at the request of the plaintiff gave to the jury the general affirmative charge in his behalf, and to the giving of this charge the defendant duly excepted.

There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the rulings of the trial court to which exceptions were reserved.

HUMES, SHEFFEY & SPEAKE, for appellants.—The will of the defendants' mother and the other evidence sought to be introduced by the defendants showing a claim of ownership of the lands sued for by the defendants, was admissible in evidence upon the familiar rule that declarations by persons in possession of property when made in good faith and showing the extent of the claim thereto, and acts of ownership exercised over said property are admissible.—*Humes v. O'Brien*, 74 Ala. 64, and authorities cited.

From the evidence in this case adverse inferences could easily have been drawn, and, therefore, the general affirmative charge requested by the defendant should not have been given.—3 Brick. Digest, 110, § 55; *Henry r.*

*McNamara,* 114 Ala. 107; *Foxworth v. Brown,* 114 Ala. 299; *Zundel v. Baldwin,* 114 Ala. 328; *Chambliss v. Mary Lee C. & R. R. Co.,* 104 Ala. 566; *Sanders v. Edmonds,* 98 Ala. 157; *Payne v. Mathis,* 92 Ala. 584.

LAWRENCE COOPER, *contra.*—In the effort to introduce some new proposition, objection was made to the record of the Federal Court, showing the suit of Humes v. Allison. This objection is that the judgments of the national or federal courts should be certified as the judgments of foreign states are certified under the Act of Congress. This is altogether an error. It is not necessary for the judgment of the federal court, in the State of Alabama, when used in the State of Alabama, to be certified by the presiding judge.—*Womack v. Dearman,* 7 Porter, 513; *Turnbull v. Payson,* 95 U. S. 418; 2 Freeman on Judgments, § 411.

DOWDELL, J.—The law of this case we think has been settled by the decisions of this court, in the three former appeals, the first reported in 97 Ala. 596, the second in 109 Ala. 409 and the third in 124 Ala. 325. On the last trial—the one from which the present appeal is taken—objection was made to the introduction in evidence of the judgment of the Federal Court of the Northern District of Alabama, on the ground that the judgment was not properly certified in accordance with the act of Congress. This objection was without merit. The judgment of the Federal Court of Alabama is not required by the act of Congress to be certified by the presiding judge, when used as evidence in a court of the State of Alabama.—*Womack v. Dearman,* 7 Port. 513; *Turnbull v. Payson,* 95 U. S. 418; Freeman on Judgments (2d ed.), § 411.

In 124 Ala. page 329, when this case was last here on appeal, it was said by this court, speaking through SHARPE, J.: "We need not state any affirmative rule as to what on the part of the widow having such right [quarantine], will convert her presumptively subordi-

[Allison v. Robinson.]

nate possession into one adverse to the title. Doubtless a divestiture of her dower right, as by a release to the heir or tenant, or other act amounting to a relinquishment of dower brought to the notice of the legal owner, would enable her thereafter to set up a possession which would be so adverse, and to perfect and prove ownership thereunder according to the usual rules. But so long as the right of quarantine accompanies her possession, it exclude's the owner's right to the possession, and is sufficient to defeat any action he might bring therefor. While such is the status of the parties, no mere claim or assertion of ownership, however often and openly made, would start the statute of limitations to run against the owner to whom the right of entry and the cause of action has not accrued. We think the authorities lead to this result. Allusions to the absence of such proof, made in the opinion rendered on the first appeal, should not be taken as an intimation that 'such proof, if had, would alone be evidence of ownership in Mrs. Allison;" citing authorities. There was no evidence of a divestiture of the widow's right of dower, and consequently her assertion of a claim of ownership by an effort to devise by will, or anything she might have said in the making of a will setting up a claim of ownership, would be alone and of itself unavailing to start the running of the statute against the owner. No reversible error, therefore, was committed in sustaining the objection to the evidence offered along this line.

As stated in the outset, we think the law of this case has already been fully settled on the former appeals, and beyond what we have already commented upon, there is no new phase of the evidence calling for any further discussion. The court properly gave the affirmative charge as requested by the plaintiff.

We find no error in the record, and the judgment will be affirmed.