# Eiland v. Frost, McGhee & Co.

### Ejectment.

(Decided April 26, 1917. 75 South. 293.)

**Adverse Possession; Question for Jury.**—In ejectment, where defendant claimed under purchase and adverse possession for ten years, conflicting evidence as to continuity of defendant's adverse possession made the question one for the jury.

APPEAL from Covington Circuit Court.

Heard before Hon. A. H. ALSTON.

Ejectment by Frost, McGehee & Co. against G. W. Eiland. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Suit in ejectment by appellee against appellant for 80 acres of land in Covington county. Upon conclusion of evidence the complaint was amended so as to include only 60 of the 80 acres, and affirmative charge given for the plaintiff, and judgment

entered accordingly for said 60 acres. Plaintiff acquired the title from one W. J. Eiland, deed of October, 1910, and said title was traced into said W. J. Eiland from Miller-Brent Lumber Company, formerly Berry Lumber Company, and into said grantor by mesne conveyance back to the government. Defendant claimed under purchase from said Miller-Brent Lumber Company, and adverse possession for ten years.

JONES & POWELL for appellant.   J. MORGAN PRESTWOOD for appellee.

GARDNER, J.—Appellant, G. W. Eiland; went into possession of land involved in this suit in December, 1904, under an oral contract of purchase with the Miller-Brent Lumber Company, at that time the owner thereof, and remained continuously in possession of said land to the filing of this suit. Appellant testified that in July, 1905, he paid said Lumber Company the purchase price in full, and a deed was then executed to him, but in which there was a mistake in the description, it being described as S. ½ of the E. ¼ of S. E. ¼ of section 6, township 5, range 18, and that he has since said date been in possession of said 80 acres of land, residing thereon with his family, claiming the same as his own, cultivating it, and paying the taxes thereon.

W. J. Eiland, through whom appellee claims title, was a son of appellant and living with him as a member of his family. That the mistake was discovered in the deed is clear, but at what time is uncertain. The son, W. J. Eiland, procured this deed, and the Miller-Brent Lumber Company then made a deed to said W. J. Eiland, January 13, 1910, correctly describing the 80 acres as S. ½ of S. E. ¼ and testifies that the deed with the misdescription was given to him either by his father or mother, he does not remember which, but that it was with the understanding that it was to be made to him. Said W. J. Eiland further stated that he brought the deed home and gave it to his mother to keep for him, and that at that time he was living with appellant, his father, as a member of the family, and continued to live there in the place until May, 1910, when he left his father's home; that he planted a crop on the place, and some time subsequent to the date of said deed mortgaged the land, his father being with him at the time, and in October, 1910, executed to appellee a deed in satisfaction of the mortgage indebtedness; that he did not rent

the land from his father.   Appellant testified that his son rented the land from him in 1910, and only remained from January to May of that year, when he left the home, and further denies that he went with his son when he mortgaged the land; that he rented to his son all that he "worked," and "worked" a part of its himself.   The son stated that when he got the deed from Miller-Brent Lumber Company he gave it to his mother to take care of for him, and that he went into possession of the land; that he was living on the land with his father at the time, and continued to live there with him and cultivated the land, leaving in May, 1910.   If the son paid anything for the execution of the deed to himself, it does not appear in the record, nor does he state in so many words that he made any claim to the land as his own, but the proof does show that he subsequently mortgaged it as his own.   The question treated as of prime importance on this appeal is whether or not the continuity of the adverse possession of the father, appellant here, was broken, as a matter of law, from the evidence here presented, or was it a question for the jury's determination.   The testimony in regard to the son obtaining the deed made to himself is rather meager and unsatisfactory.   There is sharp conflict between the father and son in regard to the former going with the son when he executed the mortgage, and also as to the son's rental of the land for the year 1910.   If the evidence of the appellant is to be believed the possession of the son was not in the assertion of any right of entry or any hostility to that of appellant, but, on the contrary, in recognition thereof.   We, therefore, conclude that the question as to the continuity of appellant's adverse possession should have been submitted to the jury and it was error to give for the plaintiff the affirmative charge.—2 Cor. Jur. p. 96; *Barron v. Barron*, 122 Ala. 194, 25 South. 55; *Alabama State Land Co. v. Hogue*, 164 Ala. 657, 51 South. 320; *Lay v. Fuller*, 178 Ala. 375, 59 South. 609; *Lecroix v. Malone*, 157 Ala. 434, 47 South. 725; *Burrows v. Gallup*, 32 Conn. 493, 87 Am. Dec. 186.

But it is insisted there was recognition on the part of appellant in the title to the son, and that this was sufficient to interrupt the continuity of possession, citing 2 Cor. Jur. p. 101, and authorities in note.   From the evidence in this record, however, that was also a question for the jury's determination.

There was evidence tending to show actual adverse possession by appellant of all the land involved in this suit as de-

scribed by government numbers, and what is said in *Chastang v. Chastang,* 141 Ala. 451, 37 South. 799, 109 Am. St. Rep. 45, in regard to proof necessary as to exact boundaries of land so held is without application here.

The bond for appeal executed by appellant discloses by its recitals that the suit here and judgment following was in the name of R. Frost, J. R. McGhee, and E. A. Bowers, a late partnership, and in consideration of the cause here we have assumed the suit was brought in the name of the individual members of said firm.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.