(75 South. 968)

MARTIN et al. v. LONG.   (4 Div. 685.)

(Supreme Court of Alabama.   May 17, 1917. Rehearing Denied June 21, 1917.)

1. WILLS ⊗⇒116—COMPETENCY OF WITNESS.

The incompetency of a probate judge as the only surviving witness to an instrument propounded in his court for probate is not removed by taking his deposition and having it certified by the special judge appointed as provided by statute, but the decree should have been entered by the special judge.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 284–298.]

2. WILLS ⊗⇒433—PROBATE—COLLATERAL ATTACK.

It is not a valid objection to the admission of a certified copy of a will in evidence that the decree admitting it to probate is based on incompetent testimony, since decree cannot be collaterally attacked on that ground.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 924–927, 929–936; Evidence, Cent. Dig. § 1321.]

3. ADVERSE POSSESSION ⊗⇒62(3) — HOSTILE CHARACTER—WIDOW.

One in possession of real estate by virtue of dower interest cannot, by bare assertion of ownership, nor by executing deeds or wills, destroy rights of remaindermen.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 329–332, 340.]

4. EVIDENCE ⊗⇒272 — ADMISSIONS AGAINST INTEREST.

Statements in disparagement of proprietary interest, when no motive for misrepresentation appears, are entitled to consideration against the declarant and those in privity with him, without regard to their connection with possession or other concrete acts of ownership.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1105–1107.]

5. EVIDENCE ⊗⇒272 — ADMISSIONS AGAINST INTEREST.

In an action of ejectment, where the record title is shown to be in one through whom plaintiff claims title, a statement of such person, disclaiming title to land and declaring it to be in her mother, who was in possession of land by virtue of dower interest in it, is inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1105–1107.]

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Ejectment by J. B. Long against A. B. Martin and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Defendant demanded an abstract of title, and, replying thereto, plaintiff answered: (1) Patent from the United States government to

S. S. Curry, May 1, 1861; (2) possession of the lands involved in the suit by Curry to his death, and after his death possession in his widow to her death; (3) heirship of Annie Long, wife of plaintiff, to the lands of S. S. Curry, she being an only child; (4) and the will of Annie Long, made August 20, 1890, together with the proceedings probating said will, leaving all of her property to plaintiff.

Herbert R. McClintock and Farmer & Farmer, all of Dothan, for appellants. T. M. Espy and B. F. Reid, both of Dothan, for appellee.

SAYRE, J. [1, 2] The judge of probate was the only surviving witness to the instrument propounded in his court for probate as the last will and testament of Annie J. Long, deceased. The special judge, appointed as the statute prescribes, should have rendered the decree. The process by which the deposition of the judge witness was taken and certified by the special judge was of no avail in relieving the situation created by the incompetency of the judge witness, and it must be conceded that the judge of probate rendered the decree admitting the will to probate on the unaided credit of his own deposition. But the attack upon the decree was collateral, and, according to the well-sustained authority of our decisions in closely analogous cases, the circuit court committed no error in overruling the appellants' objection to the properly certified copy of the will. Plowman v. Henderson, 59 Ala. 559; Trawick v. Trawick, 67 Ala. 271; Koger v. Franklin, 79 Ala. 505. In the cases cited by appellants the decrees were under direct attack by appeal. Those cases are therefore not in point. There was doubtless reversible irregularity in the probate of the will here in question (Estes v. Bridgforth, 114 Ala. 221, 21 South. 512); but it by no means follows that the decree was a nullity (9 Michie, Dig. p. 146, § 252). The language of the court in Graham v. People, 111 Ill. 253, quoted by Tyson, J., in Crook v. Newborg, 124 Ala. 479, 27 South. 432, 82 Am. St. Rep. 190, does not express the law of this state, as sufficiently appears from the cases cited first above.

The proper admission of the will in evidence took all point out of appellants' objection to the evidence by which appellee showed that Annie J. Long, his wife, had inherited the land in suit from her father and had died. Appellants' objection was predicated upon the fact that the abstract of title which appellants had demanded and received did not indicate that appellee would rely upon his estate by curtesy in the land. Appellee did not rely upon an estate by curtesy; he relied upon his wife's devise, which was noted in the abstract.

[3] A further consequence of the admission of the will in evidence, in connection with the testimony showing without dispute that Annie J. Long was the sole heir of her father, to whom the land had been patented by the government of the United States, was to establish beyond dispute appellee's chain of title back to the government. There was no outstanding title to be acquired, as was the case in Hays v. Lemoine, 156 Ala. 465, 47 South. 97. This left appellants with no recourse by which to defeat appellee's recovery, except to show a divestiture of title out of appellee or his predecessors in title by an adverse possession, and this appellants attempted in a way to show. But their evidence was not sufficient to take the question to the jury. Indeed, their evidence showed that Mrs. Curry, the widow of the patentee and mother of Mrs. Long, had been in possession of the land from the death of her husband, which occurred many years before this suit was brought, until her death, which occurred less than 10 years before the commencement of this action. She may have claimed to own the land, but in fact she acquired possession by virtue of her right as widow, dowress, of the patentee, and remained in possession during the remainder of her life. No act of hers, shown in the evidence, neither her bare assertion of ownership, nor her effort by the execution of certain instruments in writing (whether deeds or wills we need not determine) found in the record, was effective to destroy the right of the remainderman, Mrs. Long, or appellee, claiming under her. Edwards v. Bender, 121 Ala. 77, 25 South. 1010; Allison v. Robinson, 136 Ala. 434, 34 South. 966; Hinton v. Farmer, 148 Ala. 211, 42 South. 563, 121 Am. St. Rep. 63; Dallas Compress Co. v. Smith, 190 Ala. 423, 67 South. 289.

[4, 5] There was no error in sustaining appellee's objection to the testimony offered by appellants to show that Mrs. Long had said at various times that the land belonged to her mother and that she (Mrs. Long) had no interest in it. Generally speaking, statements in disparagement of proprietary interest, when no motive for misrepresentation appears, are treated as entitled to consideration against the declarant and those claiming in privity with him, without regard to their connection with possession or other concrete acts of ownership, on the ground that common experience shows such self-disowning statements to be entitled to some credit (Barfield v. Evans, 187 Ala. 579, 65 South. 928); but title to land cannot be made to pass in that way. Nor were these statements admissible as explanatory of a concurrent possession. Mrs. Curry, not the declarant, was in possession and, not only so, but, as we have already indicated, the extent or character of any interest claimed by her could have no effect upon the right of the remainderman.

We have said enough to dispose of all the argued assignments of error. The court correctly gave the general affirmative charge for appellee, with hypothesis that the jury be-

lieved the evidence. No error appearing, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.