(76 South. 942)

LITTLE v. VICE. (7 Div. 878.)

(Supreme Court of Alabama. Nov. 29, 1917.)

1. ADVERSE POSSESSION &#8212;51 — CONTINUITY OF POSSESSION—JUDICIAL SALES.

Continuity is an indispensable element of adverse possession, which is broken as against a grantee by a sale under execution on a judgment against the grantor and the taking of possession by another under the sheriff's deed, although the latter later obtains a deed deraigned from the grantee.

2. ADVERSE POSSESSION &#8212;57 — CONTINUOUS POSSESSION—SUFFICIENCY OF EVIDENCE.

Evidence held insufficient to support a finding of continuous adverse possession for 10 years.

Appeal from Circuit Court, Cleburne County; Niel P. Sterne, Special Judge.

Action in the nature of ejectment by William M. Little against D. V. Vice. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Statutory action in the nature of an ejectment brought by the appellant (plaintiff in the court below) against appellee, for the recovery of the S. E. ¼ of S. E. ¼ of section 36, township 17, range 10, and S. ½ of S. W. ¼ of section 31, township 17, range 11, situated in Cleburne county, Ala.; the action having been brought October 8, 1914. Both plaintiff and defendant traced title to a common source, to wit, one R. Calhoun, who was in possession of the land in the year 1884. Plaintiff deraigned title to the land by the following conveyances: R. Calhoun to H. Newsome, June 23, 1897, mortgage; R. Calhoun to H. Newsome, February 9, 1898, warranty deed; H. Newsome to plaintiff, May 29, 1914, quitclaim; and in addition to the above plaintiff also introduced in evidence chain of title from said Calhoun to J. B. Merrill, by reason of a mortgage executed in the year 1890, foreclosure thereof, and intervening conveyances down to the Cleburne Realty Company, and from that company to the plaintiff in 1910.

Defendant offered in evidence deed from A. Rowell, sheriff of Cleburne county, dated April 30, 1907, to J. B. Stephens, and another deed from said sheriff on said date to the same grantee, together with intervening conveyances from said J. B. Stephens down to deed to the defendant in 1912. The defendant also offered testimony to the effect that R. Calhoun in 1904 executed a deed to the land in question to one T. E. Canup, and deed from said Canup to J. F. Green under date of August 19, 1907, deed from said Green to

W. B. Merrill dated March 2, 1908, and deed from said W. B. Merrill to J. B. Stephens dated April 3, 1908. The deed from H. Newsome to plaintiff, executed May 29, 1914, was recorded on July 3, 1914; the deed from R. Calhoun and wife to H. Newsome, dated February 9, 1898, was filed for record February 25, 1898; and other deeds in plaintiff's chain of title appear to have been duly recorded within a very short time subsequent to their execution.

The cause was submitted to the jury by the trial court for the determination of the issue as to adverse possession relied upon by the defendant, and resulted in a verdict for the defendant. From the judgment following the plaintiff prosecutes this appeal.

A. Latady, of Birmingham, for appellant. Merrill & Walker and Blackwell, Agee & Bibb, all of Anniston, for appellee.

GARDNER, J. The plaintiff and defendant claim title through a common source, one R. Calhoun. So far as the record title is concerned, the plaintiff clearly established the superior legal title to the land in suit, and the court below so stated in its instructions to the jury, and it is not questioned here.

[1] To defeat this title, the defendant relied upon adverse possession for a period of 10 years, and the question of prime importance on this appeal relates to the sufficiency of the evidence to support the finding of the jury upon this issue. It is, of course, well settled law that continuity is an indispensable element of adverse possession.

"Continuity is an essential element of an adverse holding, such as can ripen into a title. Different entries, at different times, by different persons, between whom there is no privity of estate, nor connected claim of rightful holding, are but a succession of trespasses, and neither can furnish any support to the other." Ross v. Goodwin, 88 Ala. 390, 6 South. 682.

It is also well settled that separate successive disseisors do not aid one another, where several persons successively enter on land as disseisors, without any conveyance from one to the other, or any privity of estate between them, other than that derived from the mere possession of the estate. Alabama State Land Co. v. Hogue, 164 Ala. 657, 51 South. 320.

"If several persons enter on lands at different times, and there is not a privity of estate between them, the several possessions cannot be tacked so as to make a continuity of possession on which the statute of limitations will operate." Riggs v. Fuller et al., 54 Ala. 141. See, also, L. & N. R. R. Co., v. Philyaw, 88 Ala. 264, 6 South. 837.

While the conveyance of Calhoun to Newsome was in 1898, it appears that said Calhoun remained in possession until some time during the year 1905, when he moved away. The evidence for the defendant tended to show that in 1904 the said Calhoun executed a deed to the same land to one Canup. Canup does not appear to have lived upon the property himself, but the evidence tends to show that one T. E. Merrill had charge of the property in the years 1905 and 1906, as Canup's agent. The defendant also offered judgments and executions issued thereon against the said R. Calhoun, and deeds executed by the sheriff of Cleburne county, conveying the land here in question, to J. B. Stephens, who was the highest bidder at the sale of said land under execution; these deeds being dated April 30, 1907. The evidence for the defendant further tended to show that said Stephens held possession under said deeds; nor was there any evidence tending to show that the said Stephens ever had any possession prior to the execution of the sheriff's deeds. Such possession on the part of Stephens under the deeds of the sheriff above indicated was adverse to any right or claim acquired by Canup under the conveyance to him by Calhoun in the year 1904, and possession by Stephens under such deeds would therefore destroy the continuity of possession by Canup.

There was evidence for the defendant, however, showing the execution of a deed by Canup in August, 1907, to one Creen, and a deed in March, 1908, from said Creen to Merrill; it further appearing that said W. B. Merrill executed a deed to J. B. Stephens the month following. But the evidence tends to show that, at the time of the execution of this deed, Canup was residing in the state of Mississippi, and the lands seem then to have been in the possession of Stephens under the sheriff's deeds, and it further appears that there is no evidence whatever that Creen ever took possession of the land, either by himself, agent, or tenant. The evidence offered by the defendant also tends to show that parties named Farmer, Gann, and Hanby occupied the land during the years 1907, 1908, and 1909, or portions of said years; but it does not appear that any of these parties held possession from any one through whom defendant claims title, nor does defendant claim possession in succession to, or in privity with, any of the above named parties. We will not discuss the evidence in further detail.

[2] We think what is here said suffices to show that the evidence was insufficient for the establishment of 10 years' continuous adverse possession, so as to overcome plaintiff's title under the familiar rules noted in the above-cited authorities. We are of the opinion, therefore, that the verdict was plainly wrong, and that a new trial should have been granted on plaintiff's motion.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.