(124 So. 661)

**BATES et al. v. FLOWERS et al.** (8 Div. 90.)

Supreme Court of Alabama. Nov. 21, 1929.

Fred Wall and D. L. Rosenau, Jr., both of Athens, for appellants.

206

J. G. Rankin, of Athens, for appellees.

FOSTER, J. This is a suit in equity for the sale of land for division in which two of the respondents deny the title of complainant and assert in themselves an adverse claim. An issue as to such claim was tried by a jury in accordance with section 6631 et seq., Code 1923. There was a verdict for the respondents claiming the title, and a decree of the court rendered for them upon the verdict. Complainants have secured a bill of exceptions, and seek to review and assign for error the action of the court separately in refusing two written charges to the jury as requested by them. The only questions therefore presented by this appeal relate to the sufficiency of the charges refused appellants.

Complainants claim that they and respondents are owners of the land as heirs at law of James L. Black, deceased; that after his death, though his widow conveyed it to one of the children, the possession of such child was not adverse, though it may have extended for over ten years, including the possession of his widow and child since his death. The widow and child are the respondents claiming title of the land. It was not a part of the homestead of James L. Black, and, though the widow who conveyed it to Ross Black (one of the heirs), may have had dower rights, she had no quarantine. The question therefore was whether Ross and his heirs after his death had adverse possession as against the other heirs. James L. Black died in 1894; his widow had possession until May 23, 1917, when she conveyed to Ross by deed recorded September 1, 1917. He died February 23, 1927, and his heirs claim that he and they had adverse possession until this suit was begun September 15, 1927. The widow of James L. Black had married again when she (joined by her then husband) deeded the land to Ross Black, and afterwards she died in 1926.

The issue submitted to the jury on which the evidence was taken was whether the possession of Ross Black and his heirs was sufficient to vest title in them, as against the other heirs of James L. Black.

None of the rulings of the court on the evidence are here presented for review, nor the theory of law on which the issue was tried, nor the sufficiency of the evidence, nor any portion of the oral charge to the jury. It is necessary, therefore, to refer to the principles of law applicable to the facts here shown only to review the sufficiency of the two refused charges.

■ The possession by a widow claiming as dowress of land belonging to her husband's estate, though without quarantine rights, is prima facie not adverse to his heirs, yet it may become so if sufficiently converted into a hostile holding, and then may ripen into title in her. Hays v. Lemoine, 156 Ala. 465, 47 So. 97; Lewis v. Johnson, 206 Ala. 156, 89 So. 447; Sloss-Sheffield S. & I. Co. v. Taff, 178 Ala. 382, 59 So. 658. But there must be more than possession by his dowress with bare assertion of ownership. Martin v. Long, 200 Ala. 210, 75 So. 968; Allison v. Robinson, 136 Ala. 434, 34 So. 966; Robinson v. Allison, 124 Ala. 325, 27 So. 461. A divestiture of her dower right by an attempted conveyance of it to an heir, brought to the notice of the other heirs, would enable the grantee of the widow to set up an adverse claim and to perfect ownership thereunder according to the usual rules applicable to the acquisition of title by adverse possession when the claimants are joint heirs at law or tenants in common of the land. Bodeker v. Tutwiler, 211 Ala. 537, 100 So. 776; Barber v. Williams, 74 Ala. 331; Banks v. Speers, 97 Ala. 560, 11 So. 841; Norton v. Norton, 94 Ala. 481, 10 So. 436. Upon such principles, if the evidence so justified, the jury could, as they did, find for the adverse claimants. But whether the evidence justified the finding is not on this appeal submitted for review.

■■ As predicated in the first refused charge, if the widow did not have a legal title, she could not convey one to a purchaser with knowledge of the status of the title. But it would be misleading to charge further that such conveyance would give to the widow of the purchaser, he having died, no right to a claim of exemptions, without further explanation, in view of the fact that such conveyance was color of title in the purchaser, and that the possession of his widow and child could be tacked to his possession, as they claimed through him (Ray v. Farrow, 211 Ala. 445, 446, 100 So. 868), and continue the running of the statute if begun in his lifetime, so as in due course to ripen into a title in his heirs, if their possession be of sufficient nature, and

thereby secure a homestead right for her (Riggs v. Fuller, 54 Ala. 141; Alabama State Land Co. v. Hogue, 164 Ala. 657, 51 So. 320; Little v. Vice, 200 Ala. 584, 76 So. 942; Robinson v. Allison, supra; Cannon v. Prude, 181 Ala. 629, 62 So. 24; 2 C. J. 89, § 83; Mills v. Bodley, 4 T. B. Mon. [Ky.] 248). The law in this respect was substantially stated in the oral charge to the jury, and there was no prejudicial error in refusing the charge first herein mentioned.

With respect to the second refused charge, we need only say that the court should not be put in error for refusing to charge the jury as to the status of the title as claimed by complainants, when the pleadings show such claim, and the record discloses no controversy about what it is. It is also noted that the oral charge sufficiently shows what the issue was as to the title and covers the matter of this requested charge.

The two refused charges being the only errors assigned, and there being no error in their refusal, the decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.