(75 South. 967)

KING v. CENTRAL HARDWARE CO.

(4 Div. 708.)

(Supreme Court of Alabama. May 17, 1917.)

1. ATTACHMENT ⊙⟶307—CLAIM BY INTERVENER—RIGHTS.

On the trial of the attachment suit, the intervener was entitled to have determined the question whether his lien or that of plaintiff landlord should be first satisfied, and, if it was determined that landlord had a prior lien, to have determined the value of the property.

[Ed. Note.—For other cases, see Attachment; Cent. Dig. §§ 1091, 1092.]

2. LANDLORD AND TENANT ⊙⟶255 — LEASE FOR UNDISCLOSED PRINCIPAL—RIGHTS.

That the agent had entered into the contract of lease with the tenant without disclosing the identity of his principal would not affect the principal's right to a lien under Code, § 4734; he being entitled to all the benefits of the contract.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1047.]

3. ATTACHMENT ⊙⟶307 — RIGHTS OF THIRD PARTIES—AMENDMENT OF COMPLAINT.

That the right of action was transferred pending the attachment suit and that the complaint was amended to show that thereafter the suit would be prosecuted for the benefit of the transferee was of no concern to intervener, claiming a prior lien to property attached.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1091, 1092.]

4. ATTACHMENT ⊙⟶314—CLAIM BY INTERVENER—FIXING VALUE OF PROPERTY—DATE.

Under Code 1907, § 6041, providing that, if it is found that the property levied on is subject to the satisfaction of the writ, the value thereof must as far as possible be assessed as of the time of the interposition of the claim, the value of property attached should have been assessed as of the time of the claim by the intervener.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1120-1130, 1133, 1138, 1179½.]

5. TRIAL ⊙⟶121(1)—ARGUMENT OF COUNSEL—IMPROPER RESTRICTIONS.

Where the evidence as to value of the property attached was in conflict, it was error to not allow intervener's counsel to discuss the matter of value.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 294, 295, 298.]

Appeal from Circuit Court, Covington County; A. H. Alston, Judge.

Action by Central Hardware Company against A. G. Anderson for rent and advances, in which attachment was levied upon certain personal property, which was claimed by Henry King. On the trial of the claim suit there was judgment for plaintiff, and claimant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

The court admitted evidence of the value of the cotton, cotton seed, and corn; not only at the time of the filing of the claim, but at various times between that time and the trial, and instructed the jury that they might find the value as of any time, even the highest value between the date of the claim and the date of the trial. Pending the termination of the suit plaintiff after leave of court amended the complaint by alleging that the demand sued upon had been transferred and assigned by plaintitff to R. G. Hoover, after the bringing of this suit, and that the suit was continued for the use and benefit of said transferee and assignee.

Baldwin & Murphy and A. Whaley, all of Andalusia, for appellant. Jones & Powell, of Andalusia, and G. W. Reeves, of Florala, for appellee.

SAYRE, J. [1] On the trial of the issue between the plaintiff and the claimant, the attachment having been sued out by the plaintiff against the defendant to enforce the former's alleged lien as landlord, the intervening claimant, who claimed as mortgagor, was entitled to have determined the question whether his lien or that of the plaintiff landlord should be first satisfied out of the property levied upon, and, in the event it was determined that plaintiff had the paramount lien, then to have determined the value of the property for which he (claimant) would

---

⊙⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

have to account and for which the sureties on his forthcoming bond would be liable.

While ordinarily the claimant has no right to raise legal questions that pertain to the controversy between plaintiff and defendant, yet, where the plaintiff asserts a lien and the right to have his lien satisfied out of the property levied upon, the claimant may show that plaintiff has no lien. Samuel Gans Co. v. Tyson, 170 Ala. 513, 54 South. 237. In equity the claimant might prosecute his inquiry into the alleged rights of the plaintiff still further. Brothers v. Russell, 195 Ala. 643, 71 South. 450.

[2] In the instant case the evidence showed without dispute the priority of plaintiff's lien (Code, § 4734), and the court properly so concluded when giving the general affirmative charge on request. Nothing to the contrary was to be found in the fact that an agent had entered into the contract of lease with the defendant without disclosing the identity of his principal. The principal was entitled to all the benefits of the contract.

[3] Nor was it of any concern to claimant that the right of action was transferred pending the suit, and that the complaint was amended to show that thereafter the action would be prosecuted for the use and benefit of the transferee. The assignment did not interrupt the right of the plaintiff to prosecute the suit in favor of his assignee, and the amendment of the complaint was nothing more than a formal declaration that the suit was being so prosecuted.

[4] The statute (section 6041 of the Code) provides that on the trial of the right of property in cases of this character the value of the property in controversy shall be assessed as of the time of the interposition of the claim. There is no authority for the adoption of any different rule, and the trial court erred against the command of the statute both in admitting evidence and in giving instructions to the jury. It may be said that if, perchance, no satisfactory evidence of value at the time of the interposition of the claim was offered or available, evidence of value at other times would be admissible to establish value at the time made material by the law; but the evidence in this case was not offered for that purpose. The clear purpose of the evidence was to fix a time and standard of value different from that provided by the statute, and the court gave effect and operation to this purpose in its instruction to the jury. This was error, and for it the judgment must be reversed. To the case thus presented the statute of 1915 (page 610) has no application.

[5] Claimant and the sureties on his forthcoming bond are answerable for the value of the property claimed by them and committed by the law to their keeping pendente lite. The assessment of the value of the property is prescribed by the statute. The evidence as to value was in conflict, and no reason occurs to this court why claimant's counsel should not have been allowed to discuss the matter of value before the jury. In this matter also the court erred.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.