(85 South. 821)

KING v. CENTRAL HARDWARE CO.
(4 Div. 579.)

(Court of Appeals of Alabama. Nov. 25, 1919. On Application for Rehearing, Feb. 10, 1920.)

1. APPEAL AND ERROR ☞833(3)—APPLICATION FOR REHEARING MUST BE FILED 15 DAYS AFTER JUDGMENT.

Where judgment of affirmance was rendered November 25, 1919, an application for a rehearing filed on December 11, 1919, which was more than 15 days after rendition of the judgment, was filed too late for consideration, under Supreme Court Rule 38 (198 Ala. xiii, 83 South. vi).

On Application for Rehearing.

2. APPEAL AND ERROR ☞833(3)—APPLICATION FOR REHEARING FILED AFTER OFFICE HOURS ON LAST DAY ON TIME.

An application for rehearing received by the clerk of court on the fifteenth day after

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 204 Ala. 40.

judgment of affirmance was filed in time, although received after office hours.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Action by the Central Hardware Company, begun by levy upon certain property as the property of A. G. Anderson, with claim to same by Henry King. Judgment for plaintiff in execution, and the claimant appeals. First affirmed, but later reversed and remanded in accordance with a mandate of the Supreme Court on certiorari. 204 Ala. 336, 85 South. 822.

A. Whaley and Baldwin & Murphy, all of Andalusia, for appellant.
No brief reached the Reporter.

A. R. Powell, of Andalusia, for appellee.
No brief reached the Reporter.

BRICKEN, P. J. This suit was a trial of the rights of property. The Central Hardware Company, appellee here, instituted an attachment suit against one A. G. Anderson, to enforce its claim for advances furnished by it as landlord of said Anderson.

The appellant, Henry King, relied upon a mortgage executed by said Anderson to him.

The court gave the affirmative charge for appellee, who was plaintiff in the court below.

This case was before the Supreme Court once before on appeal. 200 Ala. 209, 75 South. 967.

There was no error in admitting in evidence the judgment rendered in favor of appellee against said Anderson in the original attachment suit. The record recites that—

"The plaintiff offered to introduce the judgment; the claimant objected to the introduction of the judgment. The court overruled the objection, to which action of the court the claimant duly and legally reserved an exception."

It will be noted that the claimant assigned no grounds of objection. Clearly the judgment was admissible as going to show that the plaintiff made the advances as landlord, and the court so treated it. In brief, the attorneys for appellant say:

"The court was in error in allowing appellee to introduce the judgment against Anderson, because no judgment can be rendered against the defendant in attachment, when a claim has been interposed to try the rights of property, until this question is settled."

If this ground of objection existed, it was not pointed out to the court. From aught that appears from the record this claim suit had been tried before, and after its trial the original suit had been tried. In fact, this court judicially knows that this claim suit had been tried before, had been appealed to this court, transferred to the Supreme Court, and reversed by that court in 200 Ala. 209,

75 South. 967. From aught that appears, after this claim suit was tried before, the original case was tried.

There was no error in refusing to allow the witness Anderson to state that he had delivered half the crops to Faucett, and that he had received no advances from Faucett during the year 1914. The judgment in the original suit was conclusive of both of these matters.

There was no error in giving the affirmative charge requested in writing by the plaintiff, appellee. The only question at issue was as to which lien, that of the plaintiff or that of the claimant, was superior, and the evidence shows that the plaintiff's lien was the superior lien. In this connection, we quote from the opinion of Justice Sayre upon the former appeal of this case (200 Ala. 210, 75 South. 968), as follows:

"In the instant case the evidence showed without dispute the priority of plaintiff's lien (Code, § 4734), and the court properly so concluded when giving the general affirmative charge on request. Nothing to the contrary was to be found in the fact that an agent had entered into contract of lease with the defendant without disclosing the identity of his principal. The principal was entitled to all the benefits of the contract."

There being no error in the record, the judgment of the circuit court is affirmed.

Affirmed.

PER CURIAM. [1] The judgment of affirmance in this case was rendered on November 25, 1919. The application for rehearing was filed on December 11, 1919, which is more than 15 days after the rendition of the judgment. Under Supreme Court Rule 38 (83 South. vi [1]), this court is without authority to consider the application for rehearing, and the application is therefore dismissed.

Application dismissed.

## On Application for Rehearing.

PER CURIAM. On December 16, 1919, this court entered an order dismissing the application for rehearing because the indorsements on the record showed that the application was not filed in this court within the required time of 15 days.

[2] On December 24, 1919, motion was made to vacate said order of dismissal, said motion being accompanied with proof that the application for rehearing was as a matter of fact filed with the clerk of this court within the required time. This motion was set down for hearing on January 22, 1920, and on that date submission of the motion was had. Upon consideration of this motion, it appears without dispute that the application for rehearing was received by the clerk of this court on December 10, 1919, though

[1] 198 Ala. xiii.

after office hours. It appears, therefore, that the application was made within the required time, and it follows that motion to set aside the order rendered on December 16, 1919, should be granted and the application for rehearing heard upon its merits.

Upon consideration of the application for rehearing, it is the opinion of the court that same should be overruled, which is accordingly done.

Application overruled.

Reversed and remanded, June 29, 1920, in accordance with the mandate of the Supreme Court, rendered in the case of King v. Central Hardware Co., 204 Ala. 336, 85 South. 822.