# Barber *v.* Williams.

### *Statutory Real Action in nature of Ejectment.*

| 74 | 331 |
|---|---|
| 93 | 397 |
| 74 | 331 |
| 94 | 485 |
| 74 | 331 |
| 97 | 567 |
| 74 | 331 |
| 98 | 347 |
| 74 | 331 |
| 124 | 329 |

1. *Alienation by widow, before dower assigned.*—Until dower is assigned to the widow, she has the right to retain, free from the payment of rent, possession of the dwelling-house in which her husband most usually resided next before his death (Code, § 2238); but she has no specific estate or interest which she can assign to another, and the heir may recover against her alienee, although he could not disturb her possession before an assignment of dower.

2. *Widow's right of homestead exemption; alienation of homestead.* The widow's right of homestead exemption, under the provisions of the constitution of 1868, is the right to remain in the occupancy of the homestead of her deceased husband during her life; and this right she may abandon, and does abandon, as against the heir, by an alienation to another person.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JNO. P. HUBBARD.

This action was brought by Jeannetta Williams, an infant, suing by her next friend, against Robert Barber and his wife, to recover the possession of a city lot in Montgomery, particularly described in the complaint, with damages for its detention; and was commenced on the 3d May, 1882. The defendants pleaded not guilty, accompanied with a suggestion of adverse possession and the erection of valuable improvements; and the cause was tried on issue joined on these pleas. The plaintiff claimed the premises as the sole child and heir at law of John M. Williams, deceased; and she proved on the trial, as the bill of exceptions shows, the death of her father in 1869, his possession and ownership of the premises as his residence, and her birth a few months after his death, while her mother, the widow, was still in the occupation of the premises. The defendants claimed as sub-purchasers from Mrs. Laura A. Williams, the widow, who, on the 12th April, 1876, sold and conveyed, by quit-claim deed, to W. S. LaGrone, who afterwards sold and conveyed to Mrs. Barber. The bill of exceptions states, that "the evidence adduced on the trial tended to show that, at the death of said John M. Williams, the lot, with the improvements thereon, was not worth more than $600 to $800;

[Barber v. Williams.]

that said Williams left a small personal property, consisting of household and kitchen furniture worth not more than $100 to $200, and owed no debts; that no dower or homestead was ever assigned to his widow by metes and bounds, and she never applied to any court therefor; that she and her child (the plaintiff) lived on the premises for some time after the death of her said husband, but she had rented them out at the time of the sale and conveyance to said LaGrone, and was not then in possession thereof; and that the said Laura A. Williams, the widow, is still living, and the plaintiff is living with her." On this evidence, the defendants requested the court, in writing, to charge the jury as follows: "If the jury find, from the evidence, that the property sued for was the homestead and residence of said John M. Williams at the time of his death, and was not worth more than $1,000, and consisted of a house and lot of the dimensions described in the complaint; and that he left a widow surviving him, likewise in possession at his death; then the widow had a right to hold the whole, by virtue of her homestead and dower right, without any assignment by metes and bounds; and her conveyance, she being in possession claiming it, conveyed to her purchaser the right to hold the said premises during her life; and if the widow is still alive, the plaintiff, as the alleged heir of said John M. Williams, can not now recover the said premises from said purchaser." The court refused to give this charge, and the defendants excepted to its refusal; and its refusal is now assigned as error.

WATTS & SON, and RICE & WILEY, for appellants.—As there were no debts, there was no necessity for administration on the estate of J. M. Williams; and as the value of the homestead was less than the law allowed to the widow, proceedings for an allotment would have been a useless ceremony and expense. Thompson on Homestead, §§ 652–3, 833; *Beecher v. Baldy*, 7 Mich. 488; *Thomas v. Dodge*, 8 Mich. 50; *Simpson v. Simpson*, 30 Ala. 225; *Gamble v. Reynolds*, 42 Ala. 236.

SAYRE & GRAVES, *contra*.—When there are no debts, there is no necessity for an administration; but the rights of the heir at once attach, and can not be defeated by any act on the part of the widow. The widow was entitled to remain in the possession of the property until her dower was assigned, notwithstanding the infancy of the heir, and she was entitled to retain possession as a homestead; but she had no estate which she could alien as dower, and her alienation was an abandonment of the homestead.— *Wallace v. Hall*, 19 Ala. 367; *Miller v. Marx*, 55 Ala. 341.

[Barber v. Williams.]

BRICKELL, C. J.—1. Until dower is assigned, the statute secures to the widow the right to retain, free from the payment of rent, possession of "the dwelling-house where her husband most usually resided next before his death."—Code of 1876, § 2238. The right may continue for an indefinite period, and during its continuance she can take the rents and profits, appropriating them to her own use. But, until dower is assigned, she has no specific interest or estate in the lands: the right to dower is in its nature rather a right of action, and it is not assignable otherwise than by a release to the heir or terre-tenant, which operates by way of extinguishment, and not by way of conveyance.— *Weaver v. Crenshaw*, 6 Ala. 873; *Shelton v. Carroll*, 16 Ala. 148; *Cook v. Webb*, 18 Ala. 810; *Wallace v. Hall*, 19 Ala. 367; *Saltmarsh v. Smith*, 32 Ala. 404. Immediately on the death of the ancestor, lands not devised descend to the heir at law, who is entitled to possession, unless the descent is intercepted by the act of the personal representative, in the exercise of the authority over real estate which the statutes confer. While the widow retains possession of the dwelling-house, she can not be ousted by the heir; for it is his duty to cause dower to be assigned her, and until the assignment her statutory right of possession continues.—*Shelton v. Carroll, supra*. But, as she has not a fixed, determinate interest, or an estate in the lands, and as her alienation to a stranger, before dower is assigned, passes no estate or interest, the heir can successfully maintain ejectment, or the corresponding statutory action, against the alienee, or one entering under him, for the recovery of possession.— *Wallace v. Hall, supra*.

2. There can be no doubt that, at and prior to the death of the ancestor, his occupancy had impressed the character of homestead upon the premises in controversy. The only law of force at his death, which conferred upon the widow surviving the right to remain in the occupancy of the premises as a homestead, was the constitution of 1868. There was no statute then in existence, declaratory of, or defining or enlarging the right. The construction of the constitution is, that it confers upon the widow the right to remain in the occupancy of the homestead of her deceased husband during her life,—a right it is contemplated will be enjoyed in common with the minor children of the marriage, during their minority; and that the right may be enjoyed, the homestead is exempt from administration, and from descent or devise, during her life. If there be no widow, a like right is secured to the children, during their minority. *Miller v. Marx*, 55 Ala. 322. As is said in this case, the right of the widow, or of the minor children, is that of occupancy— it does not include a right to convey or incumber the homestead. Occupancy as a home, as a dwelling-place, is the fact which im-

[Pollard v. Hanrick.]

presses upon land the character of a homestead, drawing it within the influence of constitutional or statutory provisions, exempting it from liability for the payment of debts, or from subjection to administration, or intercepting the descent to the heir.—*McConnaughy v. Baxter*, 55 Ala. 379; *Boyle v. Shulman*, 59 Ala. 566. If the ancestor, while in life, had abandoned the occupation of the premises as a dwelling-place, acquiring a homestead elsewhere, from them the exemption allowed by the constitution would have been withdrawn, and would have been extended to the new dwelling-place he acquired. The widow, not resting under disability, may, after the death of the husband, abandon the homestead, and acquire a new homestead elsewhere, precisely as he could have done while living.— *Wright v. Dunning*, 46 Ill. 275. How far her abandonment would affect the rights of the minor children, is not now the matter of consideration. The abandonment works a destruction of her privileges; and as she has no power of alienation, if she does alien it, like the alienation of her right of dower before assignment, the descent to the heir is not thereby interrupted, and he may maintain ejectment against her alienee, or those entering under him.

The instruction requested was properly refued; and as its refusal forms the only matter of the assignment of errors, the judgment must be affirmed.

