(100 South. 776)
## BODEKER v. TUTWILER et al.
(6 Div. 155.)

(Supreme Court of Alabama. May 22, 1924. Rehearing Denied June 26, 1924.)

1. **Homestead** ⚫146—**Limitation of actions** ⚫44(6)—**Homestead of widow destroyed by conveyance; statute held to run against heir from abandonment of homestead by her mother.**

Under Code 1876, § 2821, by which the owner of a homestead had only a right of occupation and no right to convey it, where a widow conveyed the homestead of her deceased husband, and gave possession, homestead rights were destroyed and the statute of limitations then began to run against the right of the husband's heir to sue the purchaser in ejectment.

2. **Homestead** ⚫135—**Law as to homestead in effect at death of ancestor held to apply to suit by heir to recover land.**

Where an heir sued to recover land conveyed by her mother who had a homestead therein, relying on the theory that the statute of limitations did not run against her because a life estate had been outstanding the law that removal from a homestead after alienation forfeited it, in effect at death of plaintiff's an-

cestor, applied, and Acts 1888–89, p. 113, preventing forfeiture of homestead by removal therefrom, and Acts 1884–85, p. 114, did not apply, being subsequent to such death.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Mary Bodeker against Herbert Tutwiler and others, to remove cloud on title to lands. From a decree dismissing the bill, complainant appeals. Affirmed.

Theodore J. Lamar and W. A. Weaver, both of Birmingham, for appellant.

Under the statute in force at the time of the death of the husband, the wife became invested with a homestead for life, remainder over to complainant. Code 1882, § 2821; Shamblin v. Hall, 123 Ala. 541, 26 South. 285; Bailes v. Daly, 146 Ala. 628, 40 South. 420; Kyser v. McGlinn, 207 Ala. 82, 92 South. 13. It was not necessary that the homestead be set aside or alloted. Jackson v. Wilson, 117 Ala. 432, 23 South. 521; Pollak v. McNeil, 100 Ala. 203, 13 South. 937; Garland v. Bostic, 118 Ala. 209, 23 South. 698. During the existence of the life estate the statute of limitations does not run against the remainderman. Winters v. Powell, 180 Ala. 425, 61 South. 96; Wiley v. Wilhite, 201 Ala. 638, 79 South. 110. No act of the life tenant could oust the reversioner. McMichael v. Craig, 105 Ala. 382, 16 South. 883; Code 1876, § 2184; Code 1886, § 1830; Code 1896, § 1026; Code 1907, § 3406.

Percy, Benners & Burr, of Birmingham, for appellees.

Under the statute applicable, it was necessary that the homestead be occupied to preserve the exemption. Banks v. Speers, 97 Ala. 560, 11 South. 841; Barber v. Williams, 74 Ala. 333; Newell v. Johns, 128 Ala. 584, 29 South. 609; Tartt v. Negus, 127 Ala. 307, 28 South. 713; Norton v. Norton, 94 Ala. 485, 10 South. 436; McConnaughy v. Baxter, 55 Ala. 379; Miller v. Marx, 55 Ala. 322.

GARDNER, J. Bill by appellant to remove cloud on title to lot 4 in block 80, according to the survey of the Elyton Land Company, situated in the city of Birmingham, Ala.

Upon submission of the cause for final decree on pleadings and proof the chancellor was of the opinion that the complainant was not entitled to relief, and a decree was rendered dismissing the bill, from which decree the complainant has prosecuted this appeal.

[1] The real estate here in controversy was the homestead of George Allen, who died June 2, 1882. He had purchased the property from one Jackson and at the time of his death had paid for the same in full, but no deed had been executed. He left surviving him a widow, Margaret Allen, and this complainant, Mary Bodeker, who was at that time about ten years of age. Subsequent to the death of George Allen the said Jackson, from whom he had purchased the property, executed a deed to his widow, Margaret Allen. The record title therefore appears to be in said widow by virtue of which fact the respondent interposed the defense of innocent purchaser. We rest our conclusion, however, upon the defense of adverse possession, and in so doing the questions arising upon the defense of innocent purchaser are laid out of view, and we treat the case as if in fact the record title had been in George Allen at the time of his death.

After the death of George Allen, his widow and this complainant continued to reside upon this property until December 28, 1886, when the said widow, Margaret Allen, sold the same to L. W. Johns, executing a warranty deed therefor with a recited consideration of $4,500, and upon the consummation of this sale complainant and her mother removed from the premises. Thereupon the said Johns went into the actual possession of the property and such actual possession has continued by him and his grantees in the chain of title to the time of filing this bill. It is admitted that this possession by all the grantees in respondents' chain of title from the date of the purchase by L. W. Johns in 1886 has been open, notorious, exclusive, and hostile under claim of right and uninterrupted.

The bill was filed by complainant upon the theory that this adverse possession was without effect upon her rights for the reason there was a life estate outstanding during all this period, the life tenant being still alive, citing Winters v. Powell, 180 Ala. 425, 61 South. 96; Wiley v. Wilhite, 201 Ala. 638, 79 South. 110.

[2] This theory rests upon the insistence that upon the death of George Allen the fee to this property vested in this complainant as his heir at law subject to the life estate of the widow by virtue of the homestead exemption statute, and that the widow yet survives. The rights of the parties are to be determined by the law in force at the time of the death of George Allen. Bailes v. Daly, 146 Ala. 628, 40 South. 420. The estate of George Allen was never declared insolvent in the probate court.

As previously stated his death occurred in 1882, and the homestead exemption statute then in force was embraced within section 2821 of the Code of 1876. Under the law then in force, as construed by this court, the right of homestead exemption was that of occupancy and did not include the right to convey or incumber the homestead. As previously noted, the widow in 1886 conveyed this property to Johns and abandoned the same. The following excerpt from Banks v. Speers, 97 Ala. 560, 11 South. 841, is here pertinent:

"In Barber v. Williams, 74 Ala. 331, speaking of the homestead exemption reserved to the widow and minor children after the death of the head of the household, it was said 'the right * * * is that of occupancy—it does not include a right to convey or incumber the homestead. * * * The abandonment works a destruction of her privileges; and as she has no power of alienation, if she does alien it, like the alienation of her right of dower before assignment, the descent to the heir is not thereby interrupted, and he may maintain ejectment against her alienee, or those entering under him.' See, also, McConnaughy v. Baxter, 55 Ala. 379; Boyle v. Shulman, 59 Ala. 566. And in Miller v. Marks, 55 Ala. 322, 341, it was said: 'Homestead exemption under section 2, art. XIV, of the Constitution, being dependent on continued occupancy of the premises, ceases when that occupancy, from any cause, is put an end to.' We have shown that during the year 1888, Mrs. Burchfield and her children sold and conveyed the premises on which she had her homestead, and that thereupon she with her entire family removed from the premises. It is not claimed that she had any occupancy after that time. Under the law as it then stood, this was an abandonment of her homestead exemption, operative alike against her, and against her alienee."

The above quotation from Barber v. Williams was also approved in Norton v. Norton, 94 Ala. 481, 10 South. 436. Under these authorities, therefore, it appears that by the widow's removal from the homestead, after alienating it, she has forfeited all her rights thereto.

"The abandonment works a destruction of her privileges; and as she has no power of alienation, if she does alien it, like the alienation of her right of dower before assignment, the descent to the heir is not thereby interrupted, and he may maintain ejectment against her alienee, or those entering under him." Barber v. Williams, 74 Ala. 331.

Upon the abandonment of the home therefore in 1886, this complainant could have maintained ejectment against her vendee, and such being the case her right of action has long since been barred by the statute of limitations.

It is insisted by counsel for appellant that the case of Barber v. Williams, supra, involved the homestead rights under the Constitution of 1868 and not that under the statute found in the Code of 1876; but, as far as the abandonment of the homestead is concerned, the constitutional and statutory provisions do not differ, and the rule established in Barber v. Williams, supra, was given full application to the statutory provisions upon this subject in Banks v. Speers, supra, and Norton v. Norton, supra. The Legislature in 1889 passed an act providing against a forfeiture of the homestead under such circumstances by a removal therefrom so long as the widow and minor children reside in the state, and our decisions fully recognize this doctrine of abandonment until the passage of this act. Acts 1888–89, p. 113. As illustrative, we note the following from Tartt v. Negus, 127 Ala. 301, 28 South. 713:

"Since the passage of the act of February 28, 1889, now embodied in part in section 2101 of the Code, occupancy of the homestead is not necessary to the preservation of the homestead right. The forfeiture dealt with in Banks v. Speers, 97 Ala. 560, occurred before the passage of that act, and the decision was placed expressly upon that consideration."

Counsel for appellant make reference to the Acts of 1884–85, p. 114, but this act was subsequent to the death of George Allen, and in addition thereto made no reference whatever to the question of occupancy being necessary to the preservation of the homestead right. This Act was given consideration in Bailes v. Daly, supra, and Shamblin v. Hall, 123 Ala. 541, 26 South. 285. It adds no force to appellant's case. Counsel cites the two latter authorities for the expression contained therein as to the life estate of the widow, and to like effect cites the recent case of Kyser v. McGlinn, 207 Ala. 82, 92 South. 13. In these authorities, however, the question of abandonment of the homestead was not presented for consideration, and, indeed, in the latter case the question of forfeiture by abandonment under the former decisions—prior to the Act of 1889—is expressly referred to and recognized. In the case of Miller v. Thompson, 205 Ala. 671, 89 South. 51, the owner of the homestead died in June 1899, and the decision in that case is without application here.

We are therefore of the opinion that the respondents have shown a clear title by adverse possession, and that the bill was properly dismissed. The decree to that effect will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.