### FRANKLIN v. SCOTT et al.
### 3 Div. 37.

Supreme Court of Alabama.

June 1, 1933.

Rehearing Denied June 22, 1933.

Warren S. Reese, Jr., of Montgomery, for appellant.

Ball & Ball and John L. Goodwyn, all of Montgomery, for appellees.

BOULDIN, Justice.

This appeal presents, first, the right of Dollie Franklin, sole heir of Sol Scott, deceased, to recover an undivided one-half interest in a lot fronting north on Washington avenue 100 feet, and running back south, along the east side of Shepard street, 200 feet in Douglasville, a suburb of Montgomery.

The trial court gave judgment for a one-half interest in the east 50 feet of such lot. The appeal is to test the right to recover the west 50 feet.

Without question the property was owned by Sol Scott and Rhoda Scott, his wife, as tenants in common, and occupied by them as their homstead until Sol's death in 1923. Some years later, Rhoda, the widow, conveyed the property to the city of Montgomery, the city acquiring the property for the use of Maxwell Field.

Rhoda, at the time, claimed and undertook to convey to the city the full fee-simple title; but admittedly it now appears Sol left Dollie Franklin, of full age, as an heir at law, succeeding to his one-half interest, subject to the homestead right of Rhoda, as widow.

No homestead was ever allotted or set apart to Rhoda prior to her sale and conveyance to the city.

The answer sets up that the residence was on this west 50 feet, that it was distinctly defined and separated from the east portion of the lot by a fence, etc., and did not exceed $2,000 in value at the time of Sol's death.

Appellant contends that the alienation of the homestead before allotment worked an abandonment of the homestead right in favor of the heir.

■ It is the long settled law of Alabama that, under present statute, where the homestead occupied by the decedent at his death is a distinct and separate parcel from his other lands, and is less in area and value than the widow's homestead allowance, no allotment is required. The law intervenes and makes the allotment. The widow takes a life estate which she may convey to another as any other life estate. Tartt v. Negus, 127 Ala. 301, 28 So. 713; Kyser v. McGlinn, 207 Ala. 82, 92 So. 13; Johns v. Cannon, 199 Ala. 138, 74 So. 42; Jones v. Stokes, 179 Ala. 579, 60 So. 280; Bodeker v. Tutwiler, 211 Ala. 537, 100 So. 776.

Appellant complains that section 7952 expressly requires an allotment under the statute in order to preserve it from abandonment and forfeiture by removal. This same statute was the one construed in Tartt v. Negus, supra, in the light of similar principles theretofore declared in cases cited in that opinion.

■ The statute has been re-enacted with this known construction. Indeed, section 7920, a later statute, was passed in recognition of the doctrine of Tartt v. Negus, modifying such rule only in that a judicial ascertainment of essential facts is now required before an absolute title vests in the widow as against the heir, where the homestead is the only real estate owned by a decedent.

Appellant contends further that under the evidence the west 50 feet was not a separate and distinct parcel, but a part and parcel of the 100-foot lot, all conveyed to Sol and Rhoda under one deed. We need not review the evidence on this point, because appellant can take nothing, if her contention be sustained.

■ It is without dispute that Sol's half interest in the entire 100-foot lot was less in value than $2,000. If only one lot, the widow had a life estate in the whole without allotment, and appellant was not entitled to presently recover from her grantee the east 50 feet. She suffers no injury, but profits by the respondents claiming only the west 50 feet as the homestead.

The appeal presents a further question touching appellant's recovery for waste.

When Rhoda sold the property to the city, she was given the privilege of selling and removing the buildings off the lot. This consisted in the residence before mentioned, another small dwelling, a storehouse, and barn. Rhoda sold the residence for $50, the other dwelling for $25, and removed the store and barn to another nearby lot owned also by her and Dollie as tenants in common. It is conceded on both sides the damages for waste is the reduction in value of the property of appellant by reason of the destruction of the buildings. Appellant contends the same rule should apply to removed buildings. We do not concur in this view.

■ If a tenant in common in possession of the common property removes a building from one parcel to another, the damages must be determined by the reduction in the value of the common property, not of one lot only.

Without going into a full discussion of the legal evidence to be considered in the review

of equity cases, we cannot concur with the trial court in his awarding $37.50, one-half of $75, the sum received by Rhoda on a sale of the two houses for removal.

A jury was impaneled and special issues of fact submitted to them for an advisory verdict.

One issue was the ascertainment of the value of these buildings. Plaintiff, appellant here, elicited testimony as to values as a part of the realty, the value of the lot without buildings, and the value of the buildings as they affected the value of the whole. Defendants' evidence went to their value for removal purposes. The former line of evidence was the proper one.

The jury rendered a verdict which clearly enough shows an expression of their finding on both theories.

Taking into consideration that plaintiff's interest was reversionary, subject to the life estate of Rhoda, at least as to the main residence, and the removal of some buildings to other common property, they found the values as part of the realty, or, otherwise stated, as affecting a reduction in value of the reversion, to be $300; and the market value of the buildings, meaning, under the evidence, their market value for sale and removal, to be $75.

On careful consideration we are impressed the evidence sustains the finding of the jury. The $300 verdict, rather than that for $75, should have been followed by the court.

The decree will be accordingly modified so as to award a recovery of one-half the sum of $300; namely, $150 for waste. Otherwise the decree is affirmed.

The costs of appeal will be taxed one-half to Dollie Franklin and one-half to Rhoda Scott.

Modified and affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.