184 So. 184

**TAYLOR et al. v. DEW.**

6 Div. 355.

Supreme Court of Alabama.

Oct. 13, 1938.

Rehearing Denied Nov. 10, 1938.

Horace C. Alford, of Birmingham, for appellants.

Hugh A. Locke and Frank M. James, both of Birmingham, for appellee.

BOULDIN, Justice.

Appellee, Warren Dew, brought an action in trespass against appellants, Nora Taylor, and her son, Charley Bridges.

The property is described as: "House and lot located at 319 Short Street, Pratt City, Jefferson County, Alabama." Without dispute this property was owned and occupied by Pleas Hatcher as his homestead at the time of his death in 1895. Thereafter it was occupied by his widow, Patsy Hatcher, until her death in 1934.

About 1921, plaintiff married this widow and resided with her upon the property until her death. Plaintiff claims a possessory right in the property after her death by the curtesy on the theory that by proceedings in the Probate Court in 1926, this, with adjoining property, was set apart as a homestead to his wife, as the widow of .Pleas Hatcher, and, the title adjudicated to her in fee.

Defendant, Nora Taylor, was the daughter of Patsy Hatcher, later Patsy Dew. Coming from her home in West Virginia, she was with her mother during the latter's last sickness and at the time of her death.

Upon her mother's death a controversy arose between Nora and Warren Dew touching the title and right of possession to this property.

The evidence for plaintiff was to the effect that Nora took possession, assumed dominion over the property, held the keys to the premises, and excluded him from his possession as surviving husband.

Evidence for defendant is in conflict touching the entire exclusion of plaintiff from a joint occupancy. This issue was for the jury and calls for no further comment.

The theory of defendants, supported by evidence under plea in short by consent, is: That she is the sole descendant and heir of Pleas Hatcher, that at the time of his death in 1895, she was a minor, living with her father and mother on these premises; that, if this and the adjoining property, constituted his homestead at the time of his death, was all the land he owned, and was less in area and value than the homestead to which his widow and minor child were entitled under the law then in force, the property vested in them in fee as tenants in common; that if the adjoining property, on which other buildings had been erected for rental purposes, was not a

part of his homestead, then the widow would take only a homestead interest for life in the property here in suit, and on the mother's death the husband took no life estate by the curtesy, and Nora was entitled to possession as heir at law of her father.

The trial court, in his oral charge, instructed the jury: "At the time of her death that property was vested in this woman, Patsy Dew, and that is by virtue of the proceedings that took place in the Probate Court."

This instruction presents the controlling question in the case as presented in assignments of error and brief for appellants.

These probate proceedings proven by transcript of the records, were instituted in 1926 by petition of Nancy Hatcher Dew, signed by mark, and sworn to before a notary public.

The petition disclosed that she was the surviving widow of Pleasant Hatcher, who died in 1895; that he left no child or children, adults or minors; that he owned and occupied as his homestead, lots Nos. 11 and 19 in a designated survey; that this was all the real estate owned at the time of his death; that said property does not exceed in amount and value the exemption allowed by law by Acts of 1892–93, p. 138 (appearing as section 2071 of the Code of 1896) the law in force at the time of his death. The petition further averred administration was granted on the estate soon after decedent's death, which had never been settled, and no exemption had ever been set apart. The petition named collateral relatives as next of kin of decedent, and prayed for the appointment of commissioners to appraise the property as of the death of decedent, and set same apart to petitioner, and for all necessary orders and decrees to set the same apart as exempt to petitioner so as to vest the title in her as provided by law.

Appraisers were appointed. They filed their report disclosing an appraisal of the property at $500 as of the death of decedent, that the entire tract was less than one acre in area, and was all the property owned by decedent in Alabama at the time of his death.

The final decree discloses no exceptions filed to the report, that the next of kin had notice as required by law, that on evidence submitted the proceedings of the appraisers were regular and fair, that the exemption so set apart does not exceed in area and value the exemption allowed by law, and, thereupon, confirmed the report and set apart said property as exempt.

The Act of 1892, which became Section 2071 of the Code of 1896, read: "When the homestead set apart to the widow and minor child or children, or either, constitutes all the real estate owned in this state by the decedent at the time of his death, the title to such homestead vests absolutely in them, whether there be administration on the estate of the decedent or not."

It was the settled construction of that statute that if the homestead of the decedent was less in area and value than the exemption allowed by law, to widow and minor children, and constituted all the lands owned in this state at the time of his death, no selection being necessary, such lands vested in fee in the widow, or widow and minor child or children, or minor child or children, at the death of decedent without any proceedings to set same apart; but such proceedings could be resorted to for the purpose of establishing the exempt character of the property by record evidence. Tartt et al. v. Negus, 127 Ala. 301, 28 So. 713; Jackson v. Wilson, 117 Ala. 432, 23 So. 521.

This statute was amended by Code of 1907, Section 4198, now Section 7920, Code of 1923, so that title in such case should not vest as against next of kin until it was judicially ascertained to be all the property owned by decedent and not exceeding in area or value the homestead exemption to widow and minors, or either, as the case may be.

This is not a proceeding to set apart homestead exemption before administration under Section 7948. Decisions going to jurisdictional matters under that section are not in point.

This proceeding is under and authorized by Code, Section 7931; a proceeding on petition of the widow where there is or has been an administration, but exemptions have not been set apart in course of administration.

By Section 7934, it is made the duty of the Judge of Probate to give notice to the next of kin, constructive notice, if nonresidents.

The proceedings in this cause distinctly set forth the facts upon which the widow took a fee in the property determinable as of the date of her husband's death in 1895.

The statutory tribunal to entertain jurisdiction of the subject matter is the court invested with such jurisdiction at the time the proceedings were had; and the procedure governed by the remedial laws in force at the time jurisdiction is exercised. Williams v. Overcast, 229 Ala. 119, 121, 155 So. 543. The procedure in this cause followed these principles.

When the jurisdiction of the court is thus invoked by petition setting forth all the jurisdictional facts, and the cause proceeds to final decree based upon a finding of the truth of such facts, such decree is an adjudication of the matters so present-ed.

We must, therefore, hold, in line with the long established law of this state, that this proceeding allotting these lands to the widow, was an adjudication of all the facts necessary to vest in her the fee to the property, including an adjudication that the decedent left no minor child; and the verity of such finding cannot be questioned on collateral attack. Jones v. Hubbard, 208 Ala. 269, 94 So. 167; Berry et al. v. Manning et al., 209 Ala. 587, 96 So. 762; Bedwell et al. v. Dean et al., 222 Ala. 276, 132 So. 20; Keenum et al. v. Dodson et al., 212 Ala. 146, 102 So. 230; Quick v. McDonald, 214 Ala. 587, 589, 108 So. 529; Williams v. Overcast, supra; Miller et al. v. Thompson et al., 209 Ala. 469, 96 So. 481.

Mindful of the injustice that may be done by proceedings in cases of this character, especially when instituted after great lapse of time, and interested parties are without notice of same, this court has consistently upheld bills in equity in the nature of bills of review to vacate such proceedings on the ground of fraud, among them cases wherein a widow alleges there was no minor child entitled to share in the exemption, and such allegation is knowingly false. Keenum v. Dodson, supra; Quick v. McDonald, supra; Cogburn v. Callier, 213 Ala. 46, 104 So. 330; Lester et al. v. Stroud et al., 212 Ala. 635, 103 So. 692.

An issue of fact was raised as to whether Warren Dew was lawfully married to Patsy. Soon after the death of Hatcher in 1895 she married one Johnson, who later deserted her, disappeared, and, according to plaintiff's witnesses, was never heard from. His disappearance was more than twenty-five years before Patsy's death. She married Dew in 1921 and they lived as husband and wife for thirteen years. Evidence for defendant tended to show Johnson was seen alive in Pratt City five or six years before Patsy's death. No divorce was had by Patsy. This was an issue of fact for the jury.

The argument for appellants on this issue is directed to the court's oral charge to the jury on the presumption of death after seven years unexplained absence unheard from, etc. There was no exception to the court's charge on this line and no discussion is called for.

A possessory action was brought in a Court of Justice of Peace jurisdiction, was carried by certiorari to the Circuit Court, and tried at the same time on same evidence, but submitted to the jury for separate verdict. The trial court submitted this case to the jury as an action of forcible entry and detainer. No exception was reserved to such instruction. The evidence supported a verdict for plaintiff in this action.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.