7 So.2d 281

### BISHOP et al. v. JOHNSON.
### 6 Div. 914.

Supreme Court of Alabama.
March 26, 1942.

Rehearing Denied April 16, 1942.

Ralph W. Quinn and W. F. Spencer, both of Birmingham, for appellants.

Kelly Fite, of Hamilton, and Arthur Fite, of Jasper, for appellee.

THOMAS, Justice.

The bill as amended was a statutory effort to quiet title to the lands described therein by Lewis Johnson.

The cross bill of respondents, as amended, makes the following averments, viz.: "That respondents are owners of an undivided three-sixth reversionary or remainder interest in said lands, each of them being the owner of an undivided one-sixth of such interest or remainder by reason of their having inherited the same as their homestead from their father, R. L. Bishop, who died intestate in Marion County, on May 18, 1912, and who, at the time of his death, owned and was possessed of and had title to said lands, and was residing upon and occupying the same as his homestead, which said lands did not exceed 160 acres in area and $2,000 in value, and was all of the land he owned at the time of his death.

Complainant's answer to the amended cross bill avers that the complainant and those through whom he claims title, by purchase from the respondents, have had open, actual, exclusive and adverse possession of the lands for more than ten successive years before the filing of this suit.

The case was submitted for final decree upon an agreed statement of facts. In substance they are that the complainant Lewis Johnson and the respondents Oscar Bishop, Lizzie Pickard and Bessie Kennedy are claiming their respective interests in the lands described from a common source, towit, the father of the respondents, R. L. Bishop, deceased, who died intestate on May 18, 1912, and left surviving him a widow, Martha F. Bishop (Baker) and six minor children, of whom respondents herein were the youngest at the time of the father's death and were of the following ages: Oscar, age eight years; Lizzie, age six years, and Bessie, age five months.

At the time of the father's death he owned and occupied the lands described in the amended bill as his homestead. Said lands were all of the lands owned by him at the time of his death and did not exceed the area of 160 acres and were not of greater value than $2,000. The said lands were never set apart to said widow and minor children as their homestead and no dower was ever assigned. Neither was there an administration of the Bishop estate.

The widow and minor children occupied said lands as their homestead until January, 1926. Prior to this time, on November 21, 1925, the widow conveyed the lands by deed to E. C. Brock, who knew the widow and two of the minor children were living upon and occupying the lands as their homestead. These facts were known to subsequent parties at interest, towit, C. R. Hagen, O. W. Phillips, S. W. Lee and the complainant Lewis Johnson at the time each, respectively, became purchasers of whatever interest the said widow (Martha F. Baker) owned in said land.

Certain proceedings in the probate court were instituted by the widow as guardian of one of the appellants to sell said land and the interest of the minors therein. These proceedings and attempted sale were never consummated as it appears from the recitals in a deed from the alleged purchaser at such attempted sale, namely, Ben L. Bishop and wife to the widow and minor children of R. L. Bishop. The recitation thereof is as follows: "The sale authorized by decree of the Probate Court of Marion County, Alabama in a certain proceedings filed in said Court by Martha F. Bishop, as guardian, never having been consummated, and no deed having been made by said guardian to the undersigned Ben L. Bishop under said decree; this quit claim deed is executed by the undersigned for the purpose of reinvesting all right, title and interest owned by the grantees herein in said lands prior to the filing of said proceedings in said Probate Court."

It is admitted in the agreed statement of facts that: "There was no actual consideration paid on execution of the deeds of Frances Bishop, guardian to Ben L. Bishop, Vassie Marner and others to Ben L. Bishop; and Ben L. Bishop and wife to Martha F. Bishop."

It is to be noted that the date of the proceedings and conveyances in question was December 30, 1920, or some antecedent date.

In complainant's answer to the amended cross bill the facts as affecting the minors are thus averred: " * * * Oscar Bishop and Lizzie Pickard and her husband joined others in conveying this land to B. L. Bishop in August, 1923. Frances Bishop, as guardian of Bessie (Bishop) Kennedy, conveyed to B. L. Bishop in August, 1923. B. L. Bishop conveyed to Martha F. Baker in August, 1923, by warranty deed. She and her husband conveyed to E. C. Brock in November, 1925, by warranty deed. Brock conveyed to C. R. Hagan in June 1928. Hagan conveyed half of the land to Lewis Johnson in October, 1928, and the balance to O. W. Phillips in December, 1932, and Phillips conveyed to S. W. Lee January, 1934, and Lee conveyed to Lewis Johnson in December, 1936. * * *"

Complainant is claiming the fee simple title to the said lands by reason of the purchase of same by his predecessors in title from Martha F. Baker (formerly Martha F. Bishop), the widow of R. L. Bishop, deceased, the life tenant therein as said widow. The complainant Johnson further claims the title by reason of adverse possession under the deed executed by said widow to E. C. Brock on November 21, 1925, and by intervening deeds from Brock and others under which they respectively went into possession of the land.

Respondents Oscar Bishop, Lizzie Pickard and Bessie Kennedy are claiming an undivided three-sixths reversionary or remainder interest in and to said lands; their "reversionary interest to begin in esse at the death of their mother, the life tenant therein."

■ The ancestor died in 1912. The rights of the parties are judged by the statute in force as of that date. Code 1907, §§ 4196, 4198, Code 1940, Tit. 7, §§ 661, 663; Haynes v. Haynes, 236 Ala. 331, 181 So. 757; Williams v. Overcast, 229 Ala. 119, 155 So. 543.

■ Since the Code of 1907 the widow and minor children of a decedent do not obtain absolute fee simple title to a homestead left by decedent until the same is set apart and there is a judicial determination and ascertainment of the required necessary and essential facts. Code 1907, §§ 4196, 4198, Code 1940, Tit. 7, §§ 661, 663; Sims v. Kitchens, 233 Ala. 484, 172 So. 638; Cox v. McLemore, 236 Ala. 559, 183 So. 860; Martin v. Cothran, 240 Ala. 619, 200 So. 609; Buchannon v. Buchannon, 220 Ala. 72, 124 So. 113; Franklin v. Scott, 227 Ala. 101, 148 So. 833; Taylor v. Dew, 236 Ala. 624, 184 So. 184; Haynes v. Haynes, 236 Ala. 331, 181 So. 757, supra.

In Franklin v. Scott, 227 Ala. 101, 148 So. 833, 834, supra, it should be observed that the ancestor died when the Code of 1907 was in force and effect, and the rights of the widow and minors are judged as of that date. In that case, it is declared of

the statutes, Code 1923, §§ 7918, 7929, 7951 and 7952, Code 1940, Tit. 7, §§ 661, 672, 697, 698, as follows:

"It is the long settled law of Alabama that, under present statute, where the homestead occupied by the decedent at his death is a distinct and separate parcel from his other lands, and is less in area and value than the widow's homestead allowance, no allotment is required. The law intervenes and makes the allotment. *The widow takes a life estate which she may convey to another as any other life* estate. Tartt v. Negus, 127 Ala. 301, 28 So. 713; Kyser v. McGlinn, 207 Ala. 82, 92 So. 13; Johns v. Cannon, 199 Ala. 138, 74 So. 42; Jones v. Stokes, 179 Ala. 579, 60 So. 280; Bodeker v. Tutwiler, 211 Ala. 537, 100 So. 776. [Italics supplied.]

"Appellant complains that section 7952 expressly requires an allotment under the statute in order to preserve it from abandonment and forfeiture by removal. This same statute was the one construed in Tartt v. Negus, supra, in the light of similar principles theretofore declared in cases cited in that opinion.

"The statute has been re-enacted with this known construction. Indeed, section 7920, a later statute, was passed in recognition of the doctrine of Tartt v. Negus, modifying such rule only in that a judicial ascertainment of essential facts is now required before an absolute title vests in the widow as against the heir, where the homestead is the only real estate owned by a decedent."

Thus the widow in the instant case had the right to convey her life estate. In order, however, that the title to homestead property left by the decedent at the time of his death to his widow and minor heirs shall vest in them absolutely and in fee simple, said property must be set apart, and it must be judicially determined, within twenty years from the death of the decedent, that the same did not exceed 160 acres in area and $2,000 in value at the time of his death. Buchannon v. Buchannon, 220 Ala. 72, 124 So. 113, supra.

■ The policy of the law is to secure to the widow and minor children a homestead and homestead rights, throwing around them special protection, and it should not be easy to deprive them of the same. In Lewis v. Lewis, 201 Ala. 112, 115, 77 So. 406, 409, it was held that: "The

homestead laws are to be liberally construed, to the end of advancing their beneficial objects, by giving effect to the manifest purpose of the Constitution makers and of the Legislature in conferring the rights."

■ Hence the homestead right in the widow and minors is enjoyed concurrently and successively during the life of the widow or the minority of the minor child or children or any one of them, whichever may last terminate. Buchannon v. Buchannon, supra; Williams v. Overcast, 229 Ala. 119, 155 So. 543.

We have stated above the tendency of our decisions. Some of them hold directly that before the homestead property vests in the widow and minor heirs absolutely and in fee (where said property does not exceed in area and value the exemption allowed by law), the same must be set apart to them, and there must be a judicial determination and ascertainment that said property does not exceed the said 160 acres in area and $2,000 in value, according to the statutes in force at the death of the ancestor.

■ When the estate of a decedent is insolvent at the time of the death of the decedent, before the homestead can vest absolutely and in fee in the widow and minor children, there must be a judicial determination of insolvency. Such is the construction of this court by a long uniform line of decisions. Martin v. Cothran, 240 Ala. 619, 200 So. 609.

That is to say, under the statute in force at the time of the death of R. L. Bishop, the widow of R. L. Bishop and his minor children had a possessory homestead right in and to the lands described. Code of 1940, Tit. 7, § 698, Code of 1907, § 4228; Cox v. McLemore, 236 Ala. 559, 183 So. 860; Kyser v. McGlinn, 207 Ala. 82, 92 So. 13; Davis v. Bates, 239 Ala. 214, 194 So. 647; Sams v. Sams, ante, p. 240, 5 So.2d 774.

■ Because of the fact that no proceedings have been had in a court of competent jurisdiction to set apart to the widow of R. L. Bishop and his minor children a homestead in the lands described in the bill of complaint that vested the title in them, and the further fact that there has been no judicial determination of their area or value, their possessory right in and to the lands is fixed under the foregoing sections of the Code of 1907, §§ 4196, 4198, 4227 and 4228, the statutory authority under

which this action is to be judged. Franklin v. Scott, 227 Ala. 101, 148 So. 833; Buchannon v. Buchannon, 220 Ala. 72, 124 So. 113.

Responding to complainant's claim to the fee by adverse possession, it is held that unless title to the homestead is vested absolutely in the widow and minor child or children, they have only the right of occupancy until set apart to them as provided by the statute of force at the time of the death of the husband and father. The extent of such right of occupancy by the widow exists during her life and the minority of children. And if the widow undertakes to sell her life estate, even though the same be by a warranty deed, she conveys only her life estate and not the fee (Code 1923, § 6925, Code 1907, § 3420, Code 1940, Tit. 47, § 153), and such act does not affect the rights of minor children or heirs at law.

The subject of life estates and remainders was considered in Doe ex dem. Pope v. Pickett, 65 Ala. 487; Pickett v. Doe ex dem. Pope, 74 Ala. 122. Of this case, it is observed, as follows: "Thus, in Pickett v. Doe, 1883, 74 Ala. 122, in which the court said that the whole question was whether the possession of certain real property by the defendant (a grantee of the life tenant under a conveyance purporting to cover the entire fee) was adverse to the remaindermen before the termination of the life estate, and in which it was contended that upon the authority of Broome v. King, 1846, 10 Ala. 819 (a case involving personal property, not within the scope of this annotation), and certain other Alabama cases following it (all of which involved personal property, and which, in the opinion of the court in the instant case, stood upon 'doubtful reasoning'), that one claiming full title to property under a deed purporting to be a conveyance of the perfect title by the tenant for life holds adversely to the remainderman, *the court refused to extend this principle to situations involving real property,* saying that there can be no possible dealing with the remainder by a tenant for life of real estate which can operate to discontinue it, or change it into a chose in action, and held that the defendant in the instant case did not hold the property adversely to the remaindermen, despite the fact that the life tenant's deed purported to convey the fee." [Italics supplied.] 112 A.L.R. 1043.

Such are the later decisions by this court. Cox v. McLemore, 236 Ala. 559, 183 So. 860; St. Clair Springs Hotel Co. v. Balcomb, 215 Ala. 12, 108 So. 858 (a homestead case); Robinson v. Allison, 124 Ala. 325, 27 So. 461; Davis v. Bates, 239 Ala. 214, 194 So. 647; Franklin v. Scott, 227 Ala. 101, 148 So. 833; Buchannon v. Buchannon, 220 Ala. 72, 124 So. 113; Haynes v. Haynes, 236 Ala. 331, 181 So. 757. That is to say, it is established that until the termination of the life estate, the remainderman or the reversioner has no right of action for recovery of the possession of the land so held and owned; that the statute of limitation never runs against the remainderman or reversioner during the existence of the life estate for the reason that no cause or compelling right of action is in the remainderman or reversioner, nor can there be any adverse possession to him. For like reason it is held there can be no ouster of a remainderman or reversioner who has neither the possession nor the exclusive right of possession during the life of the tenant. Winters v. Powell, 180 Ala. 425, 431, 61 So. 96 (a homestead case); Reynolds v. Love, 191 Ala. 218, 226, 68 So. 27 (case involving remainders in a will).

In St. Clair Springs Hotel Co. v. Balcomb et al., 215 Ala. 12, 108 So. 858, 860, supra, it is said: "The possession of a widow under her quarantine right is not adverse and confers no greater or superior title to her grantee. Robinson v. Allison, 124 Ala. 325, 27 So. 461. And her grantee under conveyance attempting to convey a fee acquires thereby no greater right as to the reversioners who had no right of action for the recovery of possession during the life of the life tenant, and during such time limitations do not run against them for the recovery of possession. Winters v. Powell, 180 Ala. 425, 61 So. 96; * * *. In the absence of a special equity, the rule is that until a remainderman has the right to sue upon the termination of the life estate, neither limitation nor prescription runs against him. Kyser v. McGlinn, 207 Ala. 82, 92 So. 13; * * *. The reason for the rule is that there cannot be two hostile possessions of the same property at the same time; there may be many hostile claims and 'one must operate to overcome the other, if the two be adverse.' Pickett v. Doe ex dem. Pope, 74 Ala. [122], 131; Tulley v. Snow, 190 Ala. 556, 68 So. 301."

The result is not changed as to the holder of the anterior estate by the right to have

a cloud upon his title removed, if caused by an attempted conveyance of a fee by a life tenant, although the statute (Code 1940, Tit. 47, §§ 63 and 64) prevents any prejudicial effect against the remaindermen by such conveyance.

In Prestwood v. Horn et al., 195 Ala. 450, 70 So. 134, it is held: "A remainderman has the right to have a cloud upon his title removed if caused by an attempted conveyance of a fee by a life tenant, although §§ 3405-6, Code 1907, prevent any prejudicial effect against the remaindermen by such a conveyance."

See also Teal v. Mixon, 233 Ala. 23, 169 So. 477; 78 A.L.R. 134.

In Haynes v. Haynes, 236 Ala. 331, 181 So. 757, supra, it is declared that where a resident dies leaving two or more parties "entitled to a homestead exemption under condition that the title would vest unconditionally in such exemptioners, and homestead exemption is not claimed and judicially determined until after death of one or more so entitled, the survivors may have homestead determined and set aside. Code 1923, § 7920." This authority is rested on Buchannon v. Buchannon, 220 Ala. 72, 124 So. 113, supra; Wiggins v. Mertins, 111 Ala. 164, 169, 20 So. 356. It was observed in the Haynes case, 236 Ala. 331, 181 So. 758, that the "survivor may have homestead set aside, but that the *other legal heirs of such decedent are entitled to share in the distribution of the estate after the determination of homestead as to the share of the exemptioner or exemptioners whose right was not determined during the life of such exemptioner or exemptioners.* * * * Williams v. Overcast, supra (229 Ala. 119, 155 So. 543)." [Italics and parenthesis supplied.]

In Cox v. McLemore, 236 Ala. 559, 183 So. 860, 862, it was declared:

"The title in fee does not vest in the exemptioner as against the heirs at law in the absence of proceeding under the statute to have the same set apart, either because of insolvency of the estate or as all the real estate of the deceased husband. Franklin v. Scott et al., supra (227 Ala. 101, 148 So. 833).

*       *       *       *       *

"The conveyance executed by Bates and wife, while it purports to convey a title in fee with warranty, as against the heirs, only passed to the grantee therein a life estate of the exemptioner, and in no way affects the rights of the remaindermen. Code 1923, §§ 6910 and 6925; Edwards et al. v. Bender et al., 121 Ala. 77, 25 So. 1010." [Parenthesis supplied in first paragraph.]

See also Edwards et al. v. Bender et al., 121 Ala. 77, 25 So. 1010.

In Davis v. Bates, 239 Ala. 214, 194 So. 647, 648, supra, it is declared as to the statute of limitations: "The grounds and only grounds given to 'the other heirs' by the statute on which they may contest the exemptioner's right to have the homestead 'so set apart,' is that it exceeded in area one hundred and sixty acres, and in value $2,000 and was not all the real estate owned by such decedent at his death. *The statute fixes no time limit within which the proceedings may be instituted where there is no administration on the decedent's estate, except it can not be instituted under the statute now § 7948 of the Code, within sixty days of the decedent's death.*" [Italics supplied.]

In this connection we advert to Buchannon et al. v. Buchannon, 220 Ala. 72, 124 So. 113, 115, wherein it was held as to prescription:

"Our conclusion is that, so long as there is a widow or minor children, or either, having a possessory homestead right, an appropriate proceeding may be had to set apart the homestead and to judicially determine the facts upon which they take an absolute title. *We limit this decision to proceedings had within 20 years from decedent's death.* The property should be set apart only to the widow and minor child or children, or to minor child or children, who are minors at the date of such proceedings, and an absolute title vests in them only.

"This does not mean that the interest of such widow or minor children in the fee is enlarged by the death or arrival at age of other minor children living at decedent's death. The quantum of estate each is to take is fixed by that event. The possessory homestead right in the widow and minors is enjoyed concurrently and successively during the life of the widow or minority of the children, or of any one of them, whichever may last terminate. But no survivorship is provided as to the fee.* * *"

And as to taking the position as an heir at law (or next of kin) of the estate, in line with Williams v. Overcast, 229 Ala.

119, 127, 155 So. 543, it is further declared in Buchannon et al. v. Buchannon, supra, that: "Our conclusion is that prior to section 7956 of Code of 1923, on arrival of a minor at full age, no proceeding to set apart the homestead and to vest a fee in him having been instituted, his homestead right was ended, and he took his position as an heir at law of the estate. We may note that this rule has no application where the only heirs of decedent are his surviving minor children. In such case they take a fee by inheritance, and no proceeding to set apart the homestead less in area and value than allowed by law is necessary as to them. Mathews v. Goodenough, 206 Ala. 229, 89 So. 708; Keenum v. Dodson, 212 Ala. 146, 102 So. 230."

When, therefore, did the statute of limitations begin to run against the three minor children (complainants in cross bill) who while minors conveyed their interest in remainder or reversion to said lands formerly constituting the homestead of the ancestor and not set apart as a homestead? *The mother, the widow of Mr. Bishop, is still in life.* She conveyed her interest as tenant in common and her life estate in the lands to E. C. Brock, Johnson's predecessor in title, on November 21, 1925. Did her subsequent removal from the lands with the minor children affect their interest as heirs at law of their father? The bill by the widow's vendee or successor in title, and the amended cross bill by the former minors, affecting the homestead lands were filed within ten years from the date of the right of setting apart of the homestead and more than three years after the additional time allowed infants. Code 1940, Tit. 7, § 36.

Appellee cites the case of Taylor v. Dew, 236 Ala. 624, 184 So. 184, 185, as authority to sustain the contention that the Bishop homestead lands vested absolutely and in fee simple in the widow and other heirs who were minors without the same having been set apart and a judicial determination of the essential and necessary facts. Under the facts in that case, materially different from those in the instant case, it was held that the homestead lands dealt with in the case of Taylor v. Dew, supra, were governed by the Code of 1896 and the proceedings were had in the probate court by the widow under § 7931, Code of 1923, to have the homestead lands left by decedent to the widow set apart to her. In submitting that case to the jury

the trial judge in his oral charge instructed the jury: "At the time of her death that property was vested in this woman, Patsy Dew, and that is by virtue of the proceedings that took place in the Probate Court."

In upholding this action by the trial court, our court said: "The proceedings in this cause distinctly set forth the facts upon which the widow took a fee in the property determinable as of the date of her husband's death in 1895."

The change in the law, beginning with the Code of 1907, is noted in said case (Taylor v. Dew, supra) as follows: "This statute was amended by Code of 1907, Section 4198, now Section 7920, Code of 1923, so that title in such case should not vest as against next of kin until it was judicially ascertained to be all the property owned by decedent and not exceeding in area or value the homestead exemption to widow and minors, or either, as the case may be."

There is no doubt about the fact that decedent Bishop left both widow and children (adults and minors) at the time of his death, and that said children were the "next of kin" or other heirs of Mr. Bishop. There can be no question but that the widow and children take the position as heirs under the statute of descents and distribution. Code 1940, Tit. 16, § 1(6) and § 12; Hatter v. Quina, 216 Ala. 225, 113 So. 47; Williams v. Overcast, 229 Ala. 119, 155 So. 543.

In Bearden et al. v. Orr et al., 241 Ala. 585, 4 So.2d 138, it was held: "Where it was undisputed that land constituting owner's homestead was only real estate owned by him at time of his death, his widow and minor children were entitled to have it set apart to them as exempt by probate court decree adjudicating necessary facts to vest them with legal title, and where decree granting such relief did not judicially ascertain such undisputed fact, equity court should intervene at their instance after adverse possession of land by them for over 20 years and cure such defect by quieting title in them as against other heirs suing for sale of land and division of proceeds among alleged joint owners. Code 1907, §§ 4198, 4227; Code 1940, Tit. 47, § 186."

In Moore et al. v. Elliott, 217 Ala. 339, 116 So. 346, among other things, it was held: "Conveyance to stranger to title by one or more cotenants in possession of en-

tire title in severalty and not merely grantor's interest, followed by entry into actual possession, open and exclusive, by grantee under claim of ownership in severalty, amounts to disseisin of other cotenants, which if continued for statutory period will ripen into title by adverse possession."

The adult heirs with the widow by their conveyance have conveyed or foreclosed their rights in the lands; the minors, heirs in question, have been foreclosed in rights by conveyances in question under the statute and the decisions touching the right of action by remaindermen. Herren et al. v. Beck et al., 231 Ala. 328, 164 So. 904, 906.

In Herren et al. v. Beck et al., supra, it was declared: "There is a well-defined principle of our cases to the effect that when a remainderman's title passes out of him, but subject to his equitable right to have it reinvested or to be subjected to a lien or trust, such right and duty to sue occurs as soon as the instrument is executed, not affected by the circumstance of its recordation. That duty is not postponed because the grantor in the instrument does not possess the immediate right of possession, but is subject to a life estate. He must not wait until the life estate terminates, without being chargeable with the time intervening, since his action does not affect his possession, but his title. So that the period of time necessary to complete the bar of prescription is not in that event affected by the period of such life estate. * * *"

Here the complainants in the cross bill, not having acted within the foregoing rules and the statute (Code 1940, Tit. 7, § 36), to disavow their respective conveyances of their interests in the lands, or those affecting their title, are now precluded from recovery as sought by their amended cross bill.

Such is the result of the bar of the statute (Black v. Pratt Coal & Coke Co., 85 Ala. 504, 5 So. 89), since each of the respondents in the original bill (complainants in the cross bill) were each more than twenty-six years of age when the instant bill was filed and had not acted within the statute to disaffirm and set aside the conveyances that eventuated in title to their mother and her assignee.

It results that the decree of the circuit court should be and it is hereby affirmed.

Affirmed.

All the Justices concur, except KNIGHT, J., not sitting.

### On Rehearing.

THOMAS, Justice.

In support of the affirmance of this case, and as against the minors having attained their majority more than three years before this suit was filed, and not having duly asserted their supposed rights, we wish to cite the following cases: Courson v. Tollison, 226 Ala. 530, 147 So. 635; Chavers et al. v. Mayo, 202 Ala. 128, 79 So. 594; Stephens v. Bowen, 209 Ala. 417, 96 So. 331; Woodstock Iron Co. v. Roberts, 87 Ala. 436, 6 So. 349.

The application for rehearing is overruled.

All the Justices concur except KNIGHT, J., not sitting.