130 So.2d 4

Lillie K. HEAD

v.

M. K. TAYLOR.

8 Div. 930.

Supreme Court of Alabama.

Dec. 10, 1959.

Rehearing Denied Sept. 15, 1960.

Second Application for Rehearing Denied May 25, 1961.

Starnes & Starnes, Guntersville, for appellee.

Lusk & Lusk, Guntersville, for appellant.

LIVINGSTON, Chief Justice.

This is an appeal from a decree of the Circuit Court of Marshall County, Alabama,

in Equity, denying the relief prayed for and dismissing the bill filed by Lillie K. Head seeking the sale of certain-described property for a division among the joint owners, because the same could not be equitably divided in kind. The facts are virtually undisputed, and are as follows:

John G. Kelley died intestate in Marshall County, Alabama, on February 3, 1938. He left surviving him a widow, Minnie B. Kelley, and several children, including Mrs. Lillie K. Head, and several grandchildren by two of his deceased children. The widow, children and grandchildren, who were the sole heirs at law of John G. Kelley, were all over the age of 21 years at the time of his death. No administration was had on his estate.

On October 5, 1938, more than 60 days after the death of John G. Kelley, his widow filed a petition in the Probate Court of Marshall County, Alabama, setting out the following facts: That she was the widow of John G. Kelley, deceased; named each of his heirs at law; described the property which is the same property now involved in this suit; stated that it was all the property owned by John G. Kelley at the time of his death and did not exceed the number of acres nor the value of the homestead exemption allowed by Chapter 292, Articles 3 and 4 of the Code of Alabama 1923. The petition averred that there had been no administration of the estate of John G. Kelley and more than 60 days had elapsed since his death. The petitioner requested that commissioners be appointed by the probate court and the property described in petition be set apart to her in fee simple. The petition contained no averment as to whether or not decedent was survived by any minor child or children. The probate record shows that the commissioners were appointed and filed their report finding that there was less than 160 acres of land, and fixed the value of the 8 acres at $1,350. The heirs, including the complainant in this suit, filed exceptions to the report and were represented by counsel at the hearing. The

exceptions were overruled and a decree rendered by the court setting the property apart to the widow in fee simple. This decree was rendered on March 13, 1939, and no appeal was taken from the court's finding and decree. On November 4, 1939, less than 8 months later, Minnie B. Kelley sold the property involved here to Dock Johnson, moved therefrom, never to return, and placed Mr. Johnson in possession.

Subsequently Dock Johnson sold the property to C. B. McClure, on October 18, 1944. McClure sold the same property to J. G. Green and Joe Chastain on February 4, 1946. Green and Chastain sold the property to M. K. Taylor, one of the respondents in this suit, on December 9, 1948. Title was conveyed to each of the purchasers by warranty deeds, and each purchaser moved upon the land and took possession thereof when he or they purchased the same. Since December 9, 1948, the defendant, M. K. Taylor, has been the occupant of the property, in full and complete possession thereof. Each of the successive transferees of the property were placed in full and complete possession of the land upon its purchase, and the purchase price was paid in full, and each of the occupants referred to above exercised full, complete, open, notorious, peaceful and adverse possession of same, assessed and paid the taxes thereon in Marshall County, Alabama, where the property is located, and neither the complainant nor any of the other defendants, other than M. K. Taylor, ever disputed the title or disturbed the possession of any of the owners thereon, nor did they ever interpose any claim to any interest therein. Minnie B. Kelley died intestate in Marshall County, Alabama, on July 27, 1956.

It was stated in Carter v. Carter, 251 Ala. 598, 38 So.2d 557, 558:

"The probate court, in setting apart exemptions to the widow and minor child or children, acts as a court of limited jurisdiction and such jurisdiction attaches only when the petition filed contains the necessary jurisdic-

tional allegations. 'No presumption will be indulged from the mere exercise of jurisdiction or from the existence of jurisdictional facts. They will not be inferred but must affirmatively appear.' Craig v. Root, 247 Ala. 479, 484, 25 So.2d 147, 152; Chamblee v. Cole, 128 Ala. 649, 30 So. [630]; Cogburn v. Callier, 213 Ala. 46, 104 So. 330; Alford v. Claborne, 229 Ala. 401, 157 So. 226; Boozer v. Boozer, 245 Ala. 264, 16 So.2d 863; Miller v. Thompson, 209 Ala. 469, 96 So. 481.

"Without the necessary jurisdictional averments in the petition, the court is 'without authority to proceed, [and] the subsequent findings and recitals in the decree could not supply the absence of averments essential to its right to proceed with the case.' Singo v. McGehee, 160 Ala. 245, 249, 250, 49 So. 290, 291.

"Specifically, as regards the question now considered, it was declared in the above Craig v. Root case, in line with previous decision there cited, that one of the jurisdictional averments essential in such cases, as a predicate for the court to proceed with the hearing, is that the petition should affirmatively show whether or not the decedent was survived by a minor child or children and that where an application filed to have homestead set apart to the widow did not aver that at the time of decedent's death he was not survived by minor children, a decree of the probate court based on the application is void for lack of jurisdiction (9th Headnote and 247 Ala. 484, 25 So.2d 152).

"This case further pointed out that a decree based on a petition so defective was an absolute nullity and would not even support an appeal, since the appellate court could acquire no jurisdiction to entertain the appeal, even by consent of the parties (247 Ala. 484 [12], 25 So.2d 152).

"The essentiality of such an allegation in the petition has been stressed in other cases, such as in Buchannon v. Buchannon, 220 Ala. 72, 75, 124 So. 113, 115, where it was said:

"'It was proper, and indeed it was the duty of the petitioner, to set forth all these facts [showing who were minors at decedent's death], and it was the duty of the court to judicially determine the same in order that the true estate of the widow should appear. Keenum v. Dodson, 212 Ala. 146, 102 So. 230.'

"There may have been some equivocal statements in one or two previous decisions on this precise question, and realizing the stringency of the rule— always applicable to courts of limited jurisdiction—the matter had the most serious consideration of the court before the deliverance in Craig v. Root, supra. That holding is direct and certain, however (a virtue in judicial craftsmanship to be commended), and is well supported by the authorities there appearing. This time the whole court, sitting en banc, has given further study to the question and is reaffirming that holding. The matter must now be regarded as set at rest."

■ It is perfectly obvious from the foregoing that the Probate Court of Marshall County, Alabama, never acquired jurisdiction of the petition to set aside the homestead to the widow, and that, therefore, that proceeding is totally void and of no effect.

■ It was also said in Craig v. Root, 247 Ala. 479, 484, 25 So.2d 147, 149:

" * * * The property here involved was occupied as a homestead by decedent at the time of his death and was all of the real estate which he owned in this state at that time; it did not exceed in area or value the exemption allowed by law. Therefore, the appellee took a life estate without the necessity of any act on her part. The law intervenes and makes an allotment in such cases. Cox v. McLemore,

236 Ala. 559, 183 So. 860; Franklin v. Scott, 227 Ala. 101, 148 So. 833. * * *"

The sale and abandonment of possession by the exemptioner does not work a forfeiture of the right of exemption, and such conveyances pass to the grantee such title as the widow under the exemption acquired. Cox v. McLemore, 236 Ala. 559, 183 So. 860; Tartt v. Negus, 127 Ala. 301, 28 So. 713; Newell v. Johns, 128 Ala. 584, 29 So. 609; Faircloth v. Carroll, 137 Ala. 243, 34 So. 182.

It is also well established in this jurisdiction that the statute of limitations never runs against the remainderman or reversioner during the existence of the life estate, nor can there be any adverse possession as to him. Bishop v. Johnson, 242 Ala. 551, 7 So.2d 281. It follows that the trial court erred in denying the relief prayed for and in dismissing the bill. Therefore, the case is reversed and remanded to the lower court.

Reversed and remanded.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.